# STATE OF MICHIGAN

# COURT OF APPEALS

NABIL SUFI, as Personal Representative of the
Estate of ALI SUFI, Deceased,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2015

No. 312053
Wayne Circuit Court
LC No. 10-013454-NO

Before: MURRAY, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition of plaintiff's negligence and wrongful death claims under the government tort liability act (GTLA), MCL 691.1401 *et seq.* We vacate the trial court's order and remand for a determination of defendant's motion for summary disposition on the merits.

On May 11, 2010, decedent, 77-year-old Ali Sufi, tripped and fell on the sidewalk in front of his Detroit home after exiting his car. On November 18, 2010, plaintiff, Ali's son, filed a two count complaint against defendant alleging negligence and wrongful death claims.[1]

On August 14, 2012, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). Defendant argued that it was immune from liability under the GTLA because plaintiff failed to rebut the presumption created by MCL 691.1402a(3) that the sidewalk was in reasonable repair.[2] Defendant further argued that plaintiff presented no evidence of a vertical defect in the sidewalk.

---

[1] Ali had passed away several months after he allegedly fell on the sidewalk.

[2] MCL 691.1402a was amended by 2012 PA 50, effective March 13, 2012, to state that a governmental entity is "presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). Whether a plaintiff has rebutted the presumption created by the amendment "is a question of law for the court." MCL 691.1402a(4).

On August 20, 2012, the trial the trial court entered an order denying defendant's motion without a hearing:

> The Court dispenses with oral argument under MCR 2.119(E)(3). This motion is denied without prejudice. It was filed past the filing date for motions for summary disposition. Trial is set in this matter for [September 9, 2012].

On appeal, defendant argues that the trial court erred in declining to consider its motion without a hearing because under MCR 2.116(D)(3), summary disposition motions based on governmental immunity can be filed at any time, even after the dispositive motion cutoff date.

"This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kemerko Clawson, LLC v RxIV, Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). Questions regarding the interpretation and application of court rules are reviewed de novo. *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012).

Trial courts have general authority to set deadlines for the filing of motions. MCR 2.401(B)(2)(a)(*ii*). Plaintiff cites *People v Grove*, 455 Mich 439, 464; 566 NW2d 547 (1997), superseded on other grounds by MCR 6.310(B) as stated in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012), and *Kemerko Clawson*, in support of its argument that the trial court had discretion to deny defendant's motion as untimely filed.

This Court interprets court rules according to the same rules applicable to statutory interpretation. *CAM Constr v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). The guiding principle of interpretation is to give effect to the intent of the authors. *Wilcoxon v Wayne Co Neighborhood Legal Services*, 252 Mich App 549, 553; 652 NW2d 851 (2002). "The starting point to this endeavor is the language of the court rule." *Id*. Court rule language is given its plain meaning. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). When that language is clear and unambiguous, the rule is enforced as written without further judicial construction or interpretation. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). In the event of a conflict between rules, a specific rule controls over a more general rule. *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005); see, also, MCR 1.103. Further, any construction that renders some part of the rule nugatory or surplusage should be avoided. *Grzesick v Cepela*, 237 Mich App 554, 560; 603 NW2d 809 (1999).

MCR 2.116 governs motions for summary disposition. Generally, a party may move for summary disposition on all or part of a claim "at any time consistent with subrule (D) and (G)(1)[.]" MCR 2.116(B)(2). Subrule (D)(3) addresses the time during which motions grounded on governmental immunity may be filed. It states:

> (3) The grounds listed in subrule (C)(4) and the ground of governmental immunity may be raised at any time, regardless of whether the motion is filed

after the expiration of the period in which to file dispositive motions under a scheduling order entered pursuant to MCR 2.401. [MCR 2.116(D)(3).]

The plain language of MCR 2.116(D)(3) provides that the trial court does not have discretion to deny motions based on governmental immunity merely because they are filed after the dispositive motion deadline in the scheduling order. To read the rule otherwise would render the second half of the rule, which explicitly permits filing after the cutoff date, nugatory. *Grzesick*, 237 Mich App at 560. Staff comments to the rule reiterate this interpretation. See 2007 Staff Comment to MCR 2.116 (stating, "motions for summary disposition based on governmental immunity . . . may be filed even if the time set for filing dispositive motions in a scheduling order has expired," and distinguishing a governmental immunity defense from the holding of *Grove*, *supra*).

Reading the language of subrule (D)(3) as a limit on the trial court's discretion is not out of step with *Kemerko Clawson*, which interpreted MCR 2.116(B)(2) and MCR 2.401(B)(2)(a)(*ii*). *Kemerko Clawson*, 269 Mich App at 349-351. MCR 2.116(D)(3) differs from subrule (B)(2) in that it explicitly states that the cutoff date in a "scheduling order entered pursuant to MCR 2.401[,]" does not prohibit the filing of summary disposition motions grounded on governmental immunity. With its focus on only governmental immunity and subject-matter jurisdiction, (D)(3) is also more specific than the scheduling order language in MCR 2.401(B)(2)(a)(*ii*), and is therefore controlling. *Haliw*, 471 Mich at 706. Moreover, governmental immunity is "not an affirmative defense but a characteristic of government . . . ." *Mack v Detroit*, 467 Mich 186, 197 n 13; 649 NW2d 47 (2002). That characteristic does not cease to exist because a governmental defendant asserts it after the dispositive motion cutoff date. *Id*. Accordingly, the trial court abused its discretion in refusing to consider defendant's motion for summary disposition.[3]

Defendant next argues that the trial court erred in failing to grant its motion for summary disposition because plaintiff offered no evidence to rebut the statutory presumption that the sidewalk was in reasonable repair under MCL 691.1402a(3).

This Court reviews a trial court's grant or denial of summary disposition de novo. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the pleadings. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). Summary disposition should be granted if "[t]he opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). In deciding a motion under subrule (C)(8), this Court accepts the allegations as true and construes them in a light most favorable to the nonmoving party. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010).

---

[3] Consideration of defendant's motion did not require oral argument. MCR 2.119(E)(3) grants the trial court discretion to dispense with oral argument on a contested motion. *Fast Air, Inc v Knight*, 235 Mich App 541, 550; 599 NW2d 489 (1999). The trial court should have considered defendant's motion, but did not abuse its discretion on the narrow issue of declining to hold oral argument.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a party's claims. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). When reviewing a motion brought pursuant to MCR 2.116(C)(10), this Court considers the pleadings, affidavits, and other documentary evidence in a light most favorable to the nonmoving party. *Odom*, 482 Mich at 466-467. Summary disposition should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. at 467; see MCR 2.116(C)(10).[4]

MCR 2.116(C)(7) permits summary disposition where the claim at issue is barred by governmental immunity. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "Although courts should start with the pleadings when reviewing a motion brought under MCR 2.116(C)(7), courts must also consider any affidavits, depositions, admissions, or other documentary evidence that the parties submit to determine whether there is a genuine issue of material fact." *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010) (citations omitted). When the facts are not in dispute, the question of whether the claim is barred is an issue of law for the court. *Id*. "*But*, if a question of fact exists so that factual development could provide a basis for recovery," the trial court should hold an evidentiary hearing to determine whether an exception to governmental immunity applies. *Id*. (Emphasis in original).

Under the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a government function," with limited exceptions. MCL 691.1407(1). One exception is the highway exception set forth in MCL 691.1402(1), which covers alleged defects in sidewalks. See MCL 691.1401(c) (defining "highway" to include sidewalks). At the time of Ali's fall, the statute provided in relevant part:

> (1) Except as otherwise provided in section 2a [MCL 691.1402a], each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under

---

[4] In its brief on appeal defendant relies in part on an outdated and overruled summary disposition (actually summary judgment under the 1963 court rules) standard, arguing that under MCR 2.116(C)(10) the trial court can only grant a motion if the claim or the defense cannot be supported at trial because of a deficiency which cannot be overcome, citing *Durant v Stahlin*, 375 Mich 628; 135 NW2d 392 (1965). Yet it has been *almost 15 years* since the Supreme Court (1) explicitly recognized that that standard was inapplicable under the Michigan Court Rules established in 1985, and (2) reversed the cases citing to that standard. See *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999). We recognized this point a decade ago in *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004), yet still today we frequently receive briefs that contain this outdated, overruled, and obviously inapplicable standard. Appellate counsel need either to update their brief banks or their legal research methods to avoid citing to these summary judgment standards that were long ago set aside by the 1985 Court Rules that established a more intricate and different summary disposition standard.

its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1), as amended by 1999 PA 205.[5]]

Defendant argues that the trial court erred in denying its motion for summary disposition because plaintiff cannot establish that defendant failed to maintain the sidewalk in reasonable repair. Specifically, defendant relies on the presumption created by the 2012 amendment to MCL 691.1402a. Ali's injury occurred on May 11, 2010, and plaintiff filed the complaint on November 18, 2010. At the time Ali was injured, MCL 691.1402a provided:

> (1) Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

> (a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.

> (b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.

> (2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel in reasonable repair. [See 1999 PA 205.]

The Legislature amended the statute in 2012 with an effective date of March 13, 2012. See 2012 PA 50. The current version of the statute states in part:

> (3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

---

[5] Sidewalks were also included in the definition of "highway" as it appeared in the prior version of MCL 691.1401(e) at the time of Ali's injury. See 2001 PA 131.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court. [MCL 691.1402a(3), (4).]

Defendant argues that plaintiff failed to rebut the presumption that the sidewalk was in reasonable repair because, according to defendant, photographs of the sidewalk demonstrate no vertical discontinuity. But defendant is not entitled to the statutory presumption.

As defendant seems to recognize, the amended version of MCL 691.1402a is inapplicable to plaintiff's claims because it is prospective, not retroactive. See *Moraccini v City of Sterling Heights*, 296 Mich App 387, 389 n 1; 822 NW2d 799 (2012) (the amended version of the statute does not apply where the plaintiff's injury occurred before the effective date of the amendment). "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012) (citation omitted). Here, 2012 PA 50 was given an effective date of March 13, 2012, with no mention of retroactive application. "[P]roviding a specific, future effective date and omitting any reference to retroactivity supports a conclusion that a statute should be applied prospectively only." *Johnson*, 491 Mich at 432, quoting *Brewer v AD Transp Express, Inc*, 486 Mich 50, 56; 782 NW2d 475 (2010). Because Ali was injured before the effective date of the amendment, the current version of MCL 691.1402a does not apply and there is no presumption that the sidewalk was in reasonable repair.

Presumption aside, both parties implicitly suggest that this Court may resolve defendant's motion for summary disposition on the merits, even though the trial court did not do so.

"[T]o preserve an issue for appellate review, the issue must be raised before and decided by the trial court." *Detroit Leasing*, 269 Mich App 233 at 237. This issue is unpreserved because the trial court did not decide whether, as defendant asserts, the sidewalk was in reasonable repair. While this Court may overlook preservation requirements where the issue involves a question of law and all the facts necessary for its resolution have been presented, see *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006), those circumstances are not applicable here.

Because the trial court ruled on defendant's motion only seven days after it was filed, much of the evidence that could have been included in the lower court record is missing. Defendant filed its motion for summary disposition on August 14, 2012, with the hearing set for September 7, 2012. Plaintiff was not required to file and serve his response to the motion until August 31, 2012. See MCR 2.116(G)(1)(a)(*ii*). But the trial court denied defendant's motion on August 20, 2012, before plaintiff could file a response explaining its argument or submitting evidence to support his claims. As a result, the exhibits attached to plaintiff's brief on appeal cannot be considered because they were not included in the lower court record. *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009).

The evidence in the record is limited to several photographs of the allegedly defective sidewalk. These photographs alone are insufficient to render a decision on the merits. Further,

defendant contends that the photographs show no vertical discontinuity, while plaintiff asserts they demonstrate a "5 to 6 inch gap" in the sidewalk. Our role is to review the summary disposition record and decision, not to decide a motion not even considered by the trial court. Remand is appropriate.[6]

We vacate the trial court's order and remand to the trial court for consideration of defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder

---

[6] No factual development is necessary to consider defendant's motion on the pleadings pursuant to MCR 2.116(C)(8), but reversal on this basis is not warranted. Plaintiff alleged that the sidewalk on which Ali fell was "defective, broken, uneven, and misleveled[,]" having a "vertical height differential of greater than two inches . . . ." Thus, plaintiff alleged sufficient "facts warranting the application of an exception to governmental immunity." *Codd v Wayne Co*, 210 Mich App 133, 134-135; 537 NW2d 453 (1995).