**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 12, 2002**

CAM CONSTRUCTION,

    Plaintiff-Appellant,

v                                                                 No. 116751

LAKE EDGEWOOD
CONDOMINIUM ASSOCIATION,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

We granted leave to consider whether a party may appeal an adverse summary disposition judgment on one count of a multicount action after accepting a case evaluation rendered under MCR 2.403. The plain language of MCR 2.403(M)(1) provides that a party's acceptance of a case evaluation disposes of "all claims in the action." We conclude, therefore, that, upon acceptance of a case evaluation under MCR 2.403, a party may not subsequently appeal an adverse summary disposition on one count in the action.

# I. Facts and Proceedings

In August 1998, plaintiff CAM Construction filed a four-count complaint against defendant Lake Edgewood Condominium Association for damages stemming from defendant's failure to pay plaintiff for services rendered and breach of contract. In counts I, II, and III, plaintiff alleged that defendant owed $9,110 for services rendered pursuant to an agreement between the parties. In count IV, plaintiff alleged that defendant reneged on a separate contract, worth $183,450, by preventing plaintiff from performing roof construction work for defendant.

Defendant moved for summary disposition on count IV, claiming the contract was void under the statute of frauds. MCL 566.132(1)(a). The circuit court granted defendant's motion in December 1998 and plaintiff did not appeal that decision.

The case was then submitted to case evaluation, for which both parties submitted mediation summaries.[1] The summaries briefly referred to the dismissal of count IV[2]; however, the

---

[1] At the time this case arose, the term "mediation" was used to define the process. The current term that defines the process, "case evaluation," was adopted in 2000.

[2] Plaintiff's mediation summary stated the following about count IV:

Rather, CAM had agreed with Lake Edgewood to

2

parties debate whether it was only the remaining counts the case evaluation panel discussed.[3]   The panel recommended defendant pay plaintiff $5,400, which both parties accepted. Defendant then asked for an order dismissing the entire case with prejudice under MCR 2.403(M)(1), which states:

> If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice.  The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered.

Plaintiff responded that it had reserved its right to appeal the summary disposition on count IV.  Arguing that the case evaluation summaries had focused on the claims in counts

---

> perform roofing repairs under the warranty work stated above, and Lake Edgewood, in essence, breached this agreement and did not allow CAM to perform this work (this allegation has been dismissed by the Court, due to there being no signed agreement for services which were allegedly to have occurred over a three year period.)

Defendant's mediation summary stated the following about count IV:

> The Complaint also included a claim for breach of a December 1997 agreement for roof construction work.  By order dated December 17, 1998, this Court dismissed that claim.

[3] Plaintiff asserts that the case evaluation panel did not discuss count IV.  Defendant states that because the decision was made outside the lawyer's presence, no one can be sure whether the panel discussed count IV.

I-III, plaintiff asserted that the $5,400 case evaluation award covered only that portion of the case.

The circuit court agreed with plaintiff and ordered the parties to:

> Craft a judgment here that preserves the appellate issue on the issue that I decided and otherwise dismisses the case and shows this to be a final order in the-the final order in this case.[4]

Plaintiff, thereafter, appealed the summary disposition on count IV.

The Court of Appeals dismissed the appeal in the following order:

> [T]he claim of appeal is dismissed because appellant is not an aggrieved party. Under *Reddam v Consumer Mortgage Corp*, 182 Mich App 754; 452 NW2d 908 (1990), a party cannot appeal an earlier order entered after a subsequent acceptance of the

---

[4] This judgment stated:

> Plaintiff having brought this action, with its breach of contract count dismissed through Defendant's Motion for Partial Summary Disposition prior to Mediation, the cause being mediated as to the remaining issues, the parties having mutually accepted mediation on those issues, the amount of the award having been paid within 28 days after notification of the acceptances, and the Court, being otherwise advised in the premises:

> It is ordered that this matter is hereby dismissed, with prejudice, relative to the counts of the Complaint, which survived Defendant's Motion for Partial Summary Judgment, with no interest, costs, or attorney fees awarded to either party. This is the final judgment in this matter.

4

mediation award.[5]

Plaintiff applied to this Court for leave to appeal.

## II. Standard of Review

We review de novo decisions on summary disposition motions. *Sewell v Southfield Pub Schs*, 456 Mich 670, 674; 576 NW2d 153 (1998). Similarly, interpretation of a court rule, like a matter of statutory interpretation, is a question of law that this Court reviews de novo. *Marketos v American Employers Ins Co*, 465 Mich 407, 413; 633 NW2d 371 (2001).

## III. Analysis

Plaintiff contends that it can appeal an earlier partial summary disposition ruling where the parties have subsequently accepted a case evaluation award. We reject plaintiff's contention because it is contrary to the plain language of MCR 2.403(M)(1).

In *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000), we articulated the proper mode

---

[5] Initially, the Court of Appeals issued an order dismissing the appeal because there was no docket entry showing that the trial court had dismissed count IV of the complaint. Unpublished order, entered October 19, 1999 (Docket No. 221987). Plaintiff filed a motion for rehearing, which contended that the trial court made a clerical error. Defendant answered, arguing that dismissal was proper because no appeal lies from an earlier partial summary disposition ruling where the parties have subsequently accepted a mediation award. The Court of Appeals granted the motion and dismissed the appeal. Unpublished order, entered January 13, 2000 (Docket No. 221987).

of interpreting a court rule:

> When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. See *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). Similarly, common words must be understood to have their everyday, plain meaning. See MCL 8.3a; MSA 2.212(1); see also *Perez v Keeler Brass Co*, 461 Mich 602, 609; 608 NW2d 45 (2000).

MCR 2.403(M)(1) provides that, upon both parties' acceptance of a case evaluation, the judgment entered pursuant to that evaluation "shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest . . . ." The plain meaning of the words at issue is as follows:

> A "claim" is defined as:
>
> 1. The aggregate of operative facts giving rise to a right enforceable by a court . . . . 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional . . . . 3. A demand for money or property to which one asserts a right . . . . [Black's Law Dictionary (7th ed).]
>
> An "action" is defined as:
>
> 1. The process of doing something; conduct or behavior. 2. A thing done . . . . 3. A civil or criminal judicial proceeding. [*Id.*]

Thus, according to the plain meaning of these words, a claim

6

consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted.

The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action,* even those summarily disposed, are dismissed.[6] Thus, allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule. We, therefore, reject plaintiff's position because it is contrary to the court rule's unambiguous language that upon the parties' acceptance of a case evaluation all claims in the action be disposed.

Plaintiff cites numerous decisions of the Court of Appeals as supporting its position that it may except a claim from an action submitted to case evaluation under MCR 2.403. In *Reddam*, the Court of Appeals examined the former, less explicit version, of MCR 2.403,[7] and explained that acceptance

---

[6] This conclusion is mirrored in MCR 2.403(A)(1), which explains that it is the civil action, not the claims within the civil action, that is submitted to case evaluation:

> A court may submit to case evaluation any civil action in which the relief sought is primarily money damages . . . .

[7] Before March 31, 1990, MCR 2.403 (M)(1) provided:

> If all the parties accept the panel's evaluation, judgment will be entered in that

7

of a case evaluation is essentially a consent judgment, but that the parties may show they submitted less than all claims of an action to case evaluation.

> The entry of a judgment pursuant to the acceptance of a mediation evaluation is, in essence, a consent judgment. See *Pelshaw v Barnett*, 170 Mich App 280, 286; 427 NW2d 616 (1988), modified on other grounds 431 Mich 910; 433 NW2d 77 (1988). Furthermore, one may not appeal from a consent judgment, order or decree. *Dybata v Kistler*, 140 Mich App 65, 68; 362 NW2d 891 (1985). Finally, we agree with defendant that the mediation rule, MCR 2.403, envisions the submission of an entire civil action to mediation where monetary damages are involved and that the mediators shall evaluate the total valuation of the case. That is, absent a showing that less than all issues were submitted to mediation, a mediation award covers the entire matter and acceptance of that mediation award settles the entire matter. Accordingly, plaintiff's acceptance of the mediation award settled all claims, including those which had been dismissed by partial summary disposition. [*Reddam* at 756-757.]

These principles were followed in subsequent Court of Appeals cases that construed the current version of MCR 2.403(M)(1). See *Joan Automotive Industries, Inc v Check*, 214 Mich App 383, 386-390; 543 NW2d 15 (1995), *Bush v Mobil Oil Corp*, 223 Mich App 222, 227; 565 NW2d 921 (1997), and *Auto Club Ins Ass'n v State Farm Ins Cos*, 221 Mich App 154, 166; 561 NW2d 445 (1997).

These decisions improperly allow a party to make a

---

> amount, which includes all fees, costs, and interest to the date of judgment.

8

showing that "less than all issues were submitted" to case evaluation. Allowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule. Even if *Reddam* permitted such an approach under the less detailed language of former MCR 2.403(M), there plainly is no warrant for proceeding in that manner under the language of the current version of MCR 2.403(M)(1):

> If all the parties accept the panel's evaluation, *judgment will be entered* in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case *the court shall dismiss the action with prejudice.* The *judgment or dismissal shall be deemed to dispose of all claims in the action* and includes all fees, costs, and interest to the date it is entered. [Emphasis added.]

As we have explained, this unambiguous language evidences our desire to avoid bifurcation of civil actions submitted to case evaluation. To the extent that *Reddam* and its progeny have been read to suggest that parties may except claims from case evaluation under the current rule, these cases are overruled. If all parties accept the panel's evaluation, the case is over.

In the present case, both parties accepted the panel's case evaluation, and defendant sent the required check within twenty-eight days. In those circumstances, the circuit court should have granted defendant's motion to dismiss, without

9

condition or reservation. Thus, because the circuit court should have dismissed this case in its entirety, the Court of Appeals did not err when it dismissed the plaintiff's claim of appeal. Accordingly, we affirm the dismissal order of the Court of Appeals. MCR 7.302(F)(1).

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with CAVANAGH, J.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

CAM CONSTRUCTION,

    Plaintiff-Appellant,

v                                                               No. 116751

LAKE EDGEWOOD
CONDOMINIUM ASSOCIATION,

    Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

    I believe that the judge's statements on the record make clear that he intended plaintiff's appellate rights respecting count IV be preserved in the final order.  It is obvious to me, also, that both the judge and plaintiff reasonably relied on the interpretation of MCR 2.403(M)(1) made by *Reddam*[8] and its progeny.  Therefore, it is unjust to apply a more strict reading of the court rule to this plaintiff's appeal.  I would remand to the Court of Appeals for review of the summary disposition ruling on its merits.

---

   [8]*Reddam v Consumers Mortgage Corp*, 182 Mich App 754; 452 NW2d 908 (1990).