NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0514n.06

No. 14-1855

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MATTHEW ALLEN, an individual; MICHELLE M. ALLEN, an individual, | ) ) ) | **FILED**<br>Jul 21, 2015<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| | ) | ON APPEAL FROM THE |
| ABN AMRO MORTGAGE GROUP, INC., a | ) | UNITED STATES DISTRICT |
| Delaware corporation; CITIMORTGAGE, INC., also | ) | COURT FOR THE WESTERN |
| named as CitiMortgage, a Michigan corporation; | ) | DISTRICT OF MICHIGAN |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:     BATCHELDER and WHITE, Circuit Judges; COX, District Judge[*]

ALICE M. BATCHELDER, Circuit Judge.  Plaintiffs Matthew Allen and Michelle Allen defaulted on their home mortgage, after which the mortgage holder initiated foreclosure proceedings.  Plaintiffs appeal the district court's denial of their motion to amend their acceptance of a case evaluation, which resulted in the dismissal of their lawsuit.  We AFFIRM.

## I.

Matthew Allen and Michelle M. Allen (collectively "the Allens") brought suit against Defendants ABN AMRO Mortgage Group, Inc., CitiMortgage, Inc., and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), to prevent the foreclosure of the mortgage on their

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

residence. The Allens purchased the home by granting ABN AMRO a mortgage on the residence and executing a promissory note in the amount of $337,600. [Joint Status Rep., R. 12, at 264.] ABN AMRO subsequently merged with CitiMortgage, Inc. [R. 10-2.] The Allens became delinquent on their mortgage payments, eventually defaulted, [R. 12 at 264], and the mortgagee initiated the foreclosure process on the home. Although their residence was to be sold at a Sheriff's Sale on June 28, 2013, no such sale has yet occurred.

The Allens initiated this action in the 13th Judicial Circuit Court situated in Antrim County, Michigan, on June 27, 2013, one day before the home was scheduled to be sold, and the planned June 28 sale was evidently put on hold. [R. 1 ¶ 1.] Their complaint claims Defendants violated several provisions of Michigan law: chain-of-title requirements, Mich. Comp. Laws § 600.3204(3); "excessive adjournments" of the Sheriff's Sale without proper notice, *id.* § 600.3220; and fraud in the inducement regarding possible modification of the loan. [R. 1 at 1–19.] Defendants removed the case to the United States District Court for the Eastern District of Michigan. [R. 2.] The parties later agreed that removal to that particular district court was improper, and the case was transferred to the Western District of Michigan. [*Id.*] The complaint seeks to "invalidate/void the foreclosure and the Sheriff's Sale" of the residence, as well as to recover attorney fees and related costs. The Allens allege that the lender committed fraud in inducing them to believe that the lender was considering modifying the loan, in reliance on which the Allens took actions to copy and transmit additional documents to the lender.

Pursuant to its Local Civil Rule 16.5, the district court referred the matter to a case evaluation panel. [Order, R. 15, at 276.] This district court local rule adopts a method of alternative dispute resolution used by Michigan courts and codified both in Michigan statutes

and the Michigan Court Rules adopted by the Michigan Supreme Court. The district court's

local rule reads in part:

> 16.5 <u>Case Evaluation</u>
> (a) <u>Definition</u>—The case evaluation program affords litigants an ADR process patterned after that extensively used in the courts of the State of Michigan. See Mich. Comp. Laws §§ 600.4951–.4969; Mich. Ct. R. 2.403. Case evaluation principally involves establishment of the settlement value of a case by a three-member panel of attorneys. The court may order that any civil case in which damages are sought be submitted to case evaluation; certain tort cases in which the rule of decision is supplied by Michigan law must be submitted to case evaluation, unless the parties unanimously agree to submit the case to Voluntary Facilitation Mediation.
> (b) <u>Standard case evaluation</u>
>   (i) <u>Adoption of Michigan state-court procedures; exceptions</u>—The procedures governing standard case evaluation are generally set forth in Rule 2.403 of the Michigan Rules of Court. Unless modified by these rules, the Program Description, or order of court in a particular case, the provisions of Mich. Ct. R. 2.403, as amended from time to time, will govern in cases referred to standard case evaluation, except [for various factors not relevant here.]

W.D. Mich. LCivR 16.5.

The district court's referral order provides, "If the panel's evaluation is accepted in

writing by all parties, judgment will be entered in accordance with the evaluation unless the

amount of the award is paid within 28 days after notification of the acceptances, in which case

the court will dismiss the case with prejudice." [R. 15 at 277.] The parties moved to adjourn this

process because of ongoing settlement negotiations. [Joint Mot., R. 22.] While "recogniz[ing]

that the process may not be ideal for this sort of case," the court denied the motion because "the

parties have not elected to pursue other [court-approved] options." [Order, R. 27 at 326.] The

court ruled that under its local rules, the panel evaluation was mandatory for this case unless the

parties opted for mediation. [*Id.*]

Instead of opting for mediation, the parties participated in a case evaluation on April 23, 2014. [*See* Notice, R. 39, at 357.] That same day, the panel entered an award of zero dollars. [R. 45 at 426.] The panel chairman reported to the court that "[t]he consensus of the panel was that this was a difficult case for the panel in which to assist the parties because Plaintiffs' primary claims were equitable in nature. The panelists unanimously concluded that this case would be a good candidate for voluntary facilitative mediation." [R. 51 at 454.] Nonetheless, both parties accepted the award without qualification. [R. 45 at 428–29.] On May 29, 2014, the district court issued an order to show cause as to why the case should not be dismissed. [Order, R. 48.] The Allens did not respond by showing cause, but instead filed a motion to amend their response to the case evaluation to exempt their equitable claims. [R. 50 & 51.] The district court denied the motion to amend, and ordered the case dismissed. [Order, R. 56.]

## II.

We begin by clarifying our jurisdiction here, since the parties cite different bases for this case to be in federal court. When the parties in a federal appeal agree that the court has jurisdiction to decide a case, but the court of appeals notes *sua sponte* some question or confusion regarding jurisdiction, the court must confirm both that it has jurisdiction to hear the appeal, and that the district court had jurisdiction to adjudicate the case in the first place. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Freddie Mac is a corporation chartered by an Act of Congress under 12 U.S.C. § 1451 *et seq.* This statute specifies that "the Corporation shall be deemed an agency included in sections 1345 and 1442 . . . [and] all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1452(f)(1)–(2). Freddie Mac is therefore regarded as a federal agency, which as § 1452(f)(1) specifies, makes this case removable to federal district court under 28

U.S.C. § 1442(a)(1). Moreover, § 1452(f)(2) makes clear that any case in which Freddie Mac is a party is regarded as a federal-question case, over which a district court would have original jurisdiction under 28 U.S.C. § 1331. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We are reviewing here the district court's application of its local rules to the particular facts of this case. We generally review for abuse of discretion the district court's application of its own rules. *See, e.g.*, *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013); *PT Pukuafu Indah v. SEC*, 661 F.3d 914, 924 (6th Cir. 2011).

The first issue raised by the parties is whether the district court abused its discretion by denying Plaintiffs the opportunity to amend their response to the case evaluation. The Allens claim that the case evaluation pertains only to Count III of their complaint (fraud), not to the equitable counts seeking to void or otherwise invalidate the Sheriff's Sale—a sale that has not yet been held. But the district court's local rule forecloses that possibility. The court chose to adopt Michigan's standard as its own. We find that the text of Local Civil Rule 16.5 is unambiguous. Although we are not bound by Michigan's decisional law here since this is not a case brought under diversity jurisdiction, we consider it noteworthy that under Michigan law, the text of a Michigan court rule controls if its meaning is plain and unambiguous. *Haliw v. City of Sterling Heights*, 691 N.W.2d 753, 755 (Mich. 2005). The Michigan Supreme Court holds that the language of MCR 2.403 is "unambiguous" that it wishes to "avoid bifurcation of civil actions submitted to case evaluation." *CAM Constr. v. Lake Edgewood Condo. Ass'n*, 640 N.W.2d 256, 260 (Mich. 2002).

Continuing to consult Michigan law to inform our analysis, we note that the only exemption is found in MCR 2.403(A)(3), which provides, "A court may exempt claims seeking

equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate." The Michigan Court of Appeals confirms the availability of this exemption under the current version of MCR 2.403. *See Magdich & Assocs., PC v. Novi Dev. Assocs. LLC*, 851 N.W.2d 585, 589 (Mich. Ct. App. 2014) (per curiam).

Since there is nothing in the text of Western District Local Rule 16.5 to the contrary, we assume that the court's incorporation of MCR 2.403 into its local rules includes the provision in 2.403(A)(3). We also see no reason why the district court should interpret the local rule differently from the way *Magdich* interpreted the Michigan rule. Therefore the two options contained in MCR 2.403(A)(3) were available to the Allens. But the Allens never filed such a motion, and the parties never stipulated to an exemption. So that exemption cannot apply here.

Once the panel issued its decision, the Allens accepted it without qualification, instead of rejecting it in whole or in part. The language incorporated into Local Civil Rule 16.5 is explicit that if all parties accept the evaluation, the district court will enter judgment in accordance with the award. Again, this accords with the Michigan rule, regarding which the Michigan Supreme Court held that its rule is "unambiguous" that "[i]f all parties accept the panel's evaluation, the case is over." *CAM Constr.*, 640 N.W.2d at 260.

The district court did not abuse its discretion in refusing to allow the Allens to amend their response. In addition to having had the option of moving for an exemption of their equitable claims before the case was submitted for evaluation, the Allens could have avoided this unwelcome outcome after the evaluation was complete by rejecting the case evaluation report, or at minimum qualifying their acceptance. The Allens had two procedural routes under Western District Local Rule 16.5 to seek the outcome they desired, but failed to pursue either route.

Instead, they opted to accept the evaluation, an action that led the district court to act as it did. The Allens were delinquent on their mortgage payments and eventually defaulted. The lender did not opt to allow an alternative to foreclosure. The Allens' choice not to pursue other avenues of potential success in this litigation, either before the entire case was referred to case evaluation or after the panel rendered its zero-dollar award, ineluctably led to the district court's decision.

The final issue is whether the district court properly dismissed the case after entering this judgment. When Michigan courts are applying MCR 2.403, absent some exemption or good cause not present here, the rule mandates that judgment will be entered in accordance with the panel's evaluation when the parties accept the evaluation, and that the resulting dismissal "shall be deemed to dispose of all claims." MCR 2.403(M)(1). "The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* . . . are dismissed." *CAM Constr.*, 640 N.W.2d at 259 (footnote omitted).

Since there is nothing in the text of Local Rule 16.5 to the contrary, MCR 2.403(M)(1) is part of the Michigan process that the Western District of Michigan adopted into its local rules. The Allens did not show cause as to why the case should not be dismissed. The district court therefore had no choice but to dismiss the case with prejudice, and so did not abuse its discretion in doing so.

### III.

For these reasons, we AFFIRM the judgment of the district court.