# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN COMMERCE BANK, f/k/a
PORTAGE COMMERCE BANK,

UNPUBLISHED
May 3, 2016

Plaintiff/Counter Defendant-
Appellee,

v

No. 325299
Kalamazoo Circuit Court

T. A. SCOTT CONSTRUCTION, INC.,
THOMAS SCOTT, DEANNE SCOTT, and
PARKWEST DEVELOPMENT OF
SCHOOLCRAFT, L.L.C.,

LC No. 2013-000266-CK

Defendants/Counter Plaintiffs-
Appellants.

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

GADOLA, J. (*concurring in part and dissenting in part*).

I concur in part, but respectfully dissent in part as I believe that the parties' equitable claims were submitted to case evaluation and are now subject to dismissal.

The purpose of MCR 2.403 is to avoid trial by expediting and simplifying final settlement of an action. *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 279; 851 NW2d 585 (2014). A case evaluation under MCR 2.403 is considered to be binding and is comparable to a consent judgment or a settlement agreement. *Id.*; *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992). Our Supreme Court in *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 555; 640 NW2d 256 (2002) was explicit that "[t]he language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action* . . . are dismissed" and that "allowing bifurcation of the claims within such actions . . . would be directly contrary to the language of the rule." Our Supreme Court was equally clear that prior decisions of this Court that permitted parties to make a showing that less than all issues had been submitted to case evaluation were improperly decided, and that the unambiguous language of MCR 2.403(M) "evidences our desire to avoid bifurcation of civil actions submitted to case evaluation." *CAM Constr*, 465 Mich at 557.

Within the court rule, however, a method exists by which equitable claims may be exempted from submission to case evaluation. MCR 2.403(A)(3) provides that "[a] court may

-1-

exempt claims seeking equitable relief from case evaluation for good cause shown *on motion or by stipulation of the parties* if the court finds that case evaluation of such claims would be inappropriate." (Emphasis added.) Thus, only two methods exist under MCR 2.403(A)(3) by which a court may exempt claims seeking equitable relief from case evaluation, being (1) on motion for good cause shown, or (2) by stipulation of the parties. If the equitable claims are not exempted from submission to case evaluation under MCR 2.403(A)(3), then they are submitted to case evaluation with the non-equitable claims. While the case evaluation may not include a separate award on any claim for equitable relief, the case evaluation panel may consider the equitable claims in determining the amount of an award. MCR 2.403(K)(3).

In this case, the parties do not dispute that the equitable claims were not exempted from evaluation pursuant to MCR 2.403(A)(3) either by motion or by stipulation. Plaintiff did not move or stipulate to exempt its equitable claims for foreclosure from the panel's consideration, and defendants did not move or stipulate to exempt from the panel's consideration defendants' claim for return of the deeds being held by plaintiff. The parties both acknowledge that the case evaluation panel stated that it would not decide or address plaintiff's equitable claims. That, however, is not a method permitted under MCR 2.403(A)(3) for removing equitable claims from submission to a case evaluation panel. Only when equitable claims are exempted from submission to the panel pursuant to the methods provided in MCR 2.403(A)(3) (motion or stipulation) is less than the entire action submitted to case evaluation. The equitable claims were, therefore, submitted to case evaluation where they were available for consideration by the panel in arriving at its award of one million dollars to plaintiff, an award that all parties accepted. If all parties accept a panel's case evaluation, the trial court is directed by MCR 2.403(M)(1) to enter judgment on the panel's evaluation and the judgment is deemed to dispose of all claims in the action.

I therefore would hold that the trial court was obligated by MCR 2.403 to enter an order on the accepted case evaluation award. I would reverse the trial court's ruling that denied defendants' motion for entry of judgment and dismissal with prejudice. I would, however, affirm the trial court's denial of defendants' motion for release of the deeds being held by plaintiff. Just as plaintiff is precluded from pursuing its equitable remedies, which have now been foreclosed by plaintiff's acceptance of the case evaluation award, defendants are precluded from pursuing return of the deeds, a remedy also foreclosed by defendants' acceptance of the same award. Plaintiff should be left free to pursue any and all legally available methods to collect its judgment, which could include some use of the unrecorded deeds, foreclosure by advertisement, and/or levying upon the personal property of defendants.

/s/ Michael F. Gadola