# STATE OF MICHIGAN

# COURT OF APPEALS

BARRY A. SEIFMAN, P.C., f/k/a SEIFMAN &
GUZALL, P.C., SEIFMAN  & ASSOCIATES,
P.C., and THE LAW ADVOCATE, and BARRY
A. SEIFMAN,

UNPUBLISHED
January 17, 2017

Plaintiffs/Counter-Defendants-
Appellees,

v

No. 328643
Oakland Circuit Court
LC No.  2012-125053-CZ

RAYMOND GUZALL, III and LAW OFFICES
OF RAYMOND GUZALL, III, P.C.,

Defendants-Appellants.

Before:  TALBOT, C.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

In this appeal, defendants/counter-plaintiffs Raymond Guzall, III and his law firm, the
Law Offices of Raymond Guzall III, P.C., challenge the trial court's appointment of a
"Discovery Master," an independent attorney who provided services to the parties and the trial
court in an effort to resolve various disputes.  Guzall also contends that the trial court lacked the
authority to enter a written order after the parties accepted a case evaluation award pursuant to
MCR 2.403.  We affirm.

## I.  FACTS

Plaintiffs, Barry A. Seifman, and his law firm, Barry A. Seifman, P.C., f/k/a Seifman &
Guzall, P.C., Seifman & Associates, P.C., and the Law Advocate (Seifman), filed suit against
Guzall in February, 2012.  Generally, Seifman alleged that Guzall, a former minority shareholder
of Seifman's firm, had improperly taken clients and client files from Seifman's firm when Guzall

-1-

decided to leave the firm.[1]  Guzall filed a counter-complaint, alleging a variety of claims against Seifman.[2]

From the outset, numerous motions were filed by the parties.[3]  On May 23, 2012, the trial court entered an order appointing attorney William Booth as a "Discovery Master."  Booth was to provide the court with recommendations regarding discovery disputes.  Both parties were ordered to deposit $2,500 into escrow, from which Booth's fees would be paid.[4]  At a subsequent hearing, the trial court asked the parties to submit several non-discovery motions to Booth before bringing them before the court.  On June 27, 2012, Guzall wrote a letter to Booth in which he questioned whether the order appointing Booth to handle discovery matters provided Booth with the authority to handle these non-discovery matters.  But rather than ask that Booth not consider the issues, Guzall asked Booth to seek an order from the court granting him the authority to handle these non-discovery issues.  Guzall also requested that all discovery issues be submitted to Booth in writing.[5]

While no party raised an issue regarding the appointment with the trial court, the Supreme Court Administrator's Office was made aware of the May 23, 2012 order.  On July 16, 2012, SCAO's regional administrator sent a letter to the judge presiding over the matter questioning whether the trial court had authority to appoint a discovery master or to require the parties to pay Booth's fees.[6]  Subsequently, the court entered an order appointing Booth as both discovery master and facilitator.[7]  The trial court later entered an order vacating the May 23, 2012 order that originally appointed Booth solely as discovery master.[8]  Booth's appointment as facilitator was never rescinded by the trial court.

---

[1] Complaint, February 17, 2012; LCF.

[2] Counter-complaint, March 8, 2012; LCF.

[3] Register of Actions, LCF.

[4] Order, May 23, 2012; LCF.

[5] June 27, 2012 Letter from Guzall to Booth; attached as Exhibit 8 to Guzall's Motion to Recuse Judge James Alexander, March 11, 2013, LCF; attached as Exhibit 10 to Guzall's Brief on Appeal.

[6] SCAO Letter Dated July 16, 2012; attached as Exhibit B to Guzall's Reply concerning Motion to Recuse Judge Alexander, March 18, 2013, LCF; attached as Exhibit 14(B) to Guzall's Brief on Appeal.

[7] Order, July 5, 2012; LCF.

[8] Order, July 20, 2012; LCF (entered on July 24, 2012).

Booth assisted the parties and the trial court from the date of his initial appointment until July 18, 2012. He submitted a final bill for his services in late November, 2012.[9] Shortly thereafter, Guzall filed the first of several motions challenging Booth's appointment as discovery master and requesting the return of the money he paid into escrow for Booth's services.[10] The trial court rejected the challenge, and ordered that Booth's total fee of $4,080 be paid from the escrow account.[11] Guzall continued to seek a return of his money in various motions, all of which were rejected by the trial court.[12]

In 2015, Seifman moved for summary disposition with respect to his claims against Guzall. Within this motion, Seifman contended that Guzall wrongfully removed client files when he left Seifman's firm, and that Guzall admitted to this fact in his deposition.[13] At a motion hearing held in the morning of May 13, 2015, Guzall admitted to removing client files.[14] At the conclusion of the hearing, the trial court denied Seifman's motion "except to the extent of the removing of the [client] files." The trial court "grant[ed] summary disposition in [Seifman's] favor with respect to that."[15] That afternoon, the parties participated in case evaluation pursuant to MCR 2.403.[16] Within a week after the motion hearing, Seifman filed an order for entry under the 7-day rule, MCR 2.602(B)(3).[17] The proposed order stated that the motion was granted "as to the allegations in [Seifman's] Complaint that Raymond Guzall III improperly removed the physical client files from the law offices of Barry A. Seifman P.C."[18] Within 7 days, Guzall

---

[9] Professional Services Invoice, November 28, 2012; included within Exhibit 5 to Guzall's Motion to Quash Order, February 5, 2013, LCF; attached as Exhibit 11 to Guzall's Brief on Appeal.

[10] Motion to Adjourn Case Evaluation and Trial, and for the Return of Escrowed Funds, December 12, 2012; LCF.

[11] Motion Hearing, December 19, 2012, p 7; Order, January 22, 2013; LCF (entered on January 23, 2013).

[12] Order, February 1, 2013, LCF (entered February 14, 2013); Motion to Quash Order, February 5, 2013, LCF; Motion for Reconsideration, February 11, 2013, LCF; Motion for Reconsideration, February 25, 2013, LCF; Opinion and Order, March 5, 2013, LCF; Motion to Recuse Judge Alexander, March 11, 2013, LCF; Opinion and Order, March 20, 2013, LCF; Motion for Reconsideration, April 9, 2013, LCF; Opinion and Order, April 18, 2013, LCF; Opinion and Order, June 12, 2013, LCF.

[13] Motion for Summary Disposition, March 2, 2015, LCF.

[14] Motion Hearing, May 13, 2015, p 20.

[15] *Id*. at 34-35.

[16] Notice of Acceptance, June 11, 2015; attached as Exhibit 1 to Guzall's Motion for Entry of Order, June 24, 2015; attached as Exhibit 1 to Guzall's Supplemental Brief on Appeal.

[17] Notice of Entry of Order, May 19, 2015; LCF.

[18] *Id*.

objected to the order. While he did not contest having removed client files, Guzall challenged whether the word "improperly" should be included in the court's order.[19]

On June 11, 2015, the trial court's case management office notified the parties that both sides accepted the case evaluation award.[20] On June 24, 2015, Guzall filed a motion requesting that, in light of the fact that the award was mutually accepted, the trial court enter an order closing the case.[21] After holding a hearing,[22] the trial court signed two orders on July 13, 2015. The first stated that Seifman's motion for summary disposition was granted "as to the allegations in [Seifman's] Complaint that Raymond Guzall III improperly removed the physical client files from the law offices of Barry A. Seifman P.C."[23] The second closed the case for the reason that the case evaluation award had been accepted.[24]

## II. DISCOVERY MASTER

Guzall contends that the trial court lacked the authority to appoint Booth as a discovery master and to require the parties to pay Booth's fees. Guzall also contends that the trial court should have made a determination regarding the reasonableness of Booth's fees. We conclude that once the parties accepted the case evaluation award, Guzall lost the ability to appeal this earlier order.

In *CAM Const v Lake Edgewood Condo Ass'n*, the plaintiff filed a four-count complaint.[25] The trial court granted summary disposition in favor of the defendant with regard to count IV of the complaint, and that decision was not appealed.[26] The matter was submitted to case evaluation.[27] Both parties accepted the case evaluation award.[28] After this acceptance, the parties disputed whether the trial court should enter an order dismissing the entire case with prejudice pursuant to MCR 2.403(M)(1), or whether the plaintiff could, despite having accepted the case evaluation award, reserve the right to appeal the trial court's decision granting summary

---

[19] Objection to Proposed Order, May 26, 2015; LCF.

[20] Notice of Acceptance, June 11, 2015.

[21] Motion for Entry of Order, June 24, 2015; LCF.

[22] Motion Hearing, July 1, 2015.

[23] Order, July 13, 2015 (entered on July 14, 2015).

[24] Order, July 13, 2015 (entered on July 14, 2015).

[25] *Cam Const v Lake Edgewood Condo Ass'n*, 465 Mich 549, 550-551; 640 NW2d 256 (2002).

[26] *Id*. at 551.

[27] *Id*. at 551-552.

[28] *Id*.

disposition with regard to count IV.[29]  The trial court ordered the parties to craft an order that would reserve the plaintiff's right to appeal the summary disposition ruling.[30]

The plaintiff then appealed the summary disposition ruling in this Court.[31]  This Court dismissed the appeal, concluding that "a party cannot appeal an earlier order entered after a subsequent acceptance of the mediation award."[32]  Our Supreme Court affirmed, explaining:

> The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that all claims in the action, even those summarily disposed, are dismissed.  Thus, allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule.  We, therefore, reject plaintiff's position because it is contrary to the court rule's unambiguous language that upon the parties' acceptance of a case evaluation all claims in the action be disposed.[33]

The Court went on to explain that "[i]f all parties accept the panel's evaluation, the case is over."[34]  Because the evaluation award was paid within 28 days as contemplated by MCR 2.403(M)(1), the Court held that "the circuit court should have granted defendant's motion to dismiss, without condition or reservation."[35]

In this matter, the parties likewise accepted the case evaluation award.  By doing so, the parties "dispose[d] of all claims in the action . . . ."[36]  We conclude that any claims arising from the trial court's appointment of a discovery master were likewise disposed of by the acceptance of the case evaluation award.  Under MCR 2.403(A)(1), the entire action was submitted to case

---

[29] *Id*. at 552.

[30] *Id*.

[31] *Id*. at 553.

[32] *Id*.

[33] *Id*. at 555 (footnote omitted).

[34] *Id*. at 557.

[35] *Id*.

[36] MCR 2.403(M)(1).  We note that MCR 2.403(M)(2) permits only part of a case to be submitted to case evaluation pursuant to MCR 2.403(A)(3).  Pursuant to MCR 2.403(A)(3), a "court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate."  These provisions are not implicated in the present matter.

-5-

evaluation.[37] And, by accepting case evaluation, the entire action was disposed of. As such, Guzall cannot challenge the appointment or payment of the discovery master in this Court.[38]

In his appellate brief, Seifman makes a conclusory argument that Guzall's appeal of this issue is frivolous, and requests that this Court order Guzall to pay Seifman's attorney fees. We find that Seifman has waived the issue by failing to adequately address the merits of the argument.[39] Further, although we do not find Guzall's argument compelling, that fact alone does not merit the imposition of sanctions.[40]

### III. SUMMARY DISPOSITION ORDER

Guzall also contends that once the parties accepted the case evaluation award, the trial court could not enter any order other than one dismissing the case, and thus, its simultaneous entry of an order granting summary disposition with regard to the removal of client files must be vacated. We disagree.

While the order at issue was entered after the acceptance of the case evaluation award, the trial court's decision to grant summary disposition with regard to the issue of the removal of client files was made before the parties accepted the case evaluation award. The only reason a written order memorializing the trial court's decision was not entered before the acceptance of the case evaluation award was because Guzall disagreed with the wording of an order proposed by Seifman. Thus, this was not the situation Guzall describes in his brief – a surreptitious attempt by Seifman to have the trial court enter an order resolving an issue that was disposed of by the acceptance of the case evaluation award.[41] Rather, it was simply the written memorialization of a decision made by the trial court before the matter was even submitted to case evaluation. We find no error in what amounted to the ministerial entry of a written order memorializing a ruling made well before the parties accepted case evaluation.

---

[37] See *id*. at 555 n 6 (explaining that under MCR 2.403(A)(1), "it is the civil action, not the claims within the civil action, that is submitted to case evaluation[.]").

[38] Even if Guzall could raise these challenges, we would find that he clearly waived them. A party that acquiesces to a trial court's decision waives any claim of error arising from that decision. *People v Carter*, 462 Mich 206, 219-220; 612 NW2d 144 (2000). The record demonstrates that Guzall willfully engaged with Booth after his appointment, even requesting that Booth's authority be broadened to encompass additional issues. Guzall never raised any contention of error with the trial court until certain rulings had gone against him and Booth had submitted a bill for his services. Guzall clearly acquiesced to the appointment, and his belated attempt to challenge it could not excuse that fact.

[39] *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 106; 776 NW2d 114 (2009).

[40] See *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002) (that a party does not ultimately prevail does not render that party's position frivolous).

[41] Guzall describes Seifman as only seeking the entry of the order after the mutual acceptance of the case evaluation award. This is simply not what occurred.

-6-

Seifman contends that this portion of the appeal is vexatious under MCL 7.216(C)(1)(a), and seeks sanctions against Guzall.  An appeal is vexatious under this rule if it was "taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal[.]"[42]  With regard to his challenge to the summary disposition order, Seifman contends that Guzall "filed this appeal solely as a means of hindering the adjudication of other, separate cases."[43]  From the record before us, we are unable to reach that conclusion.  It does appear that the order at issue may have some effect on another proceeding.  But while we disagree with Guzall's argument, nothing indicates that he contested the order in this Court solely to delay another proceeding.  Accordingly, we decline to sanction Guzall for appealing this particular order.

Affirmed.

/s/ Michael J. Talbot
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

---

[42] MCR 7.216(C)(1)(a).

[43] Seifman's Supplemental Brief on Appeal, p 10.