# STATE OF MICHIGAN

# COURT OF APPEALS

LLOYD HOWARD,

        Plaintiff/Counter Defendant-
        Appellant,

v

ERIKA CHRISTENSEN,

        Defendant/Counter Plaintiff-
        Appellee.

UNPUBLISHED
July 31, 2018

No. 337699
Macomb Circuit Court
LC No. 2016-000312-CH

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Plaintiff/Counter defendant (plaintiff) appeals as of right the trial court's order denying plaintiff's motion to dismiss, as well as the trial court's later order granting defendant/counter plaintiff (defendant) sole title to 30013 Rosebriar, St. Clair Shores, Michigan (the property). We vacate the order granting defendant sole title to the property, and reverse and remand for entry of an order dismissing the entire case with prejudice.

Defendant purchased the property via land contract in 2008, and later quitclaimed the property to herself and plaintiff jointly. At the time the property was quitclaimed, plaintiff and defendant were in a dating relationship. According to plaintiff, on the same day that defendant quitclaimed the property, he and defendant entered into a contract to sell the property and split the proceeds. The parties never sold the property, and after their relationship ended, plaintiff remained on the property's deed. Plaintiff eventually filed a complaint against defendant alleging partition of real estate and breach of contract. Defendant filed a counter-complaint alleging undue influence related to her quitclaiming the property to herself and plaintiff jointly.

The trial court ordered case evaluation. The case evaluators awarded $0 to plaintiff against defendant, but did not provide a separate award for defendant against plaintiff. Instead, the panel wrote above their signatures, "Panel finds merit in Defendant's/Counter-Plaintiff's claims [sic] of undue influence." Both parties accepted the award. Based on the parties' acceptance, plaintiff moved to dismiss the entire case with prejudice under MCR 2.403(M)(1). The trial court denied plaintiff's motion in part, finding that it was not required to dismiss defendant's counterclaim based on the case evaluation panel's statement. But the trial court

-1-

went on to hold that its decision did "not circumvent the previously accepted case evaluation" with respect to plaintiff's claims, and it dismissed those claims with prejudice.

After a trial on defendant's counterclaim, the trial court issued a written opinion in which it decided that plaintiff's acceptance of the case evaluation award effectively decided that plaintiff had no interest in the property. On this basis, the trial court ordered that plaintiff's "name [be] removed from the property," and held that the merits of defendant's counterclaim "need not be addressed." This appeal followed.

On appeal, plaintiff argues that the trial court erred by not granting its motion to dismiss the entire case following the parties' acceptance of the case evaluation award. We agree.

At issue is the interpretation and application of the court rule governing case evaluation, MCR 2.403. The proper interpretation and application of a court rule is a question of law, which this Court reviews de novo. *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014).

"In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial." *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992). MCR 2.403(M)(1) provides as follows:

> If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered . . . .

In *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549; 640 NW2d 256 (2002), our Supreme Court addressed MCR 2.403(M)(1)'s proper interpretation. The plaintiff in that case alleged three counts against the defendant "for services rendered pursuant to an agreement between the parties," and, in a fourth count, alleged that the defendant "reneged on a separate contract." *CAM Constr*, 465 Mich at 551. The fourth count was dismissed in summary disposition, and the plaintiff did not appeal. *Id*. The case was then submitted to case evaluation, and both parties accepted the case evaluation award. *Id*. 551-552. Based on the parties' acceptance, the defendant moved for dismissal with prejudice of all claims under MCR 2.403(M)(1). *Id*. at 552. The plaintiff argued in response that it had reserved the right to appeal the summary disposition on the fourth count, and the circuit court agreed. *Id*. The plaintiff then appealed the earlier summary disposition. *Id*. at 553.

On appeal, our Supreme Court held that plaintiff's claim should have been dismissed, reasoning that "[t]he language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that all claims in the action, even those summarily disposed, are dismissed." *Id*. at 555. The *CAM Constr* Court explained that "allowing bifurcation of the claims within such actions . . . would be directly contrary to the language of the rule." *Id*. Our Supreme Court then overruled a line of cases that allowed a party to exempt claims from dismissal under MCR 2.403(M)(1) if the party could "make a showing that 'less than all issues

were submitted' to case evaluation." *Id*. at 556. The Court reasoned that such an exception had "no basis in the court rule." *Id*. The *CAM Constr* Court concluded that, because both parties accepted the case evaluation award, the plaintiff's claim must be dismissed. *Id*. at 557.

Later, in *Magdich*, this Court interpreted MCR 2.403(M)(1) in light of *CAM Constr*. The plaintiff in *Magdich* filed a claim for declaratory relief, disputing whether it exercised its right of first refusal on a space adjacent to its lease space known as the "Crawford space." *Magdich*, 305 Mich App at 274. The defendant filed an unrelated counterclaim, but the parties agreed to limit the case to the issues regarding the "Crawford space." *Id*. The defendant later filed a motion to amend its counterclaim, requesting to include certain necessary claims that, it alleged, did not exist when the complaint was filed. *Id*. The trial court took the matter under advisement, and the case proceeded to case evaluation. *Id*. Both parties accepted the award without qualification, and the trial court later granted the defendant's motion to include additional claims. *Id*. at 274-275. The plaintiff then filed a motion to dismiss all claims—including the newly added claims—with prejudice under MCR 2.403(M)(1), which the trial court denied. *Id*. at 275. This Court, relying on *CAM Constr*, held that "the trial court erred by denying [the] plaintiff's motion to dismiss with prejudice," reasoning that nothing in the court rule permitted the trial court to exempt the defendant's claim from case evaluation even if the claim had yet to be added. *Id*. at 279. The *Magdich* Court explained,

> The case evaluation is binding and is comparable to a consent judgment or settlement agreement. The court rules governing case evaluation provide that "claims seeking equitable relief" may be exempted from case evaluation upon good cause shown or the stipulation of the parties if the court finds that the evaluation of such claims would be inappropriate. MCR 2.403(A)(3). However, the plain language of the court rule does not exempt any other type of claim from case evaluation, and defendant does not allege that the claims raised fall within the equitable-relief exception. [*Id*. (citations omitted).]

This Court in *Magdich* further pointed out that, under MCR 2.403(C)(1), the parties could have moved to remove the matter from case evaluation but chose not to do so. *Id*. at 280. This Court surmised, "In short, both parties accepted the case evaluation award without qualification, and therefore, the case is over. The trial court erred by denying the motion to dismiss the case with prejudice." *Id*. at 281.

Here, the parties submitted their claims to case evaluation, and both parties accepted the resulting evaluation. Neither party moved to exempt their equitable claims from the evaluation, nor did the parties stipulate to exempt any of their equitable claims from case evaluation. See MCR 2.403(A)(3).[1] Indeed, neither party sought to exempt *any* of their claims from case

---

[1] MCR 2.403(A)(3) provides,

> A court may exempt claims seeking equitable relief from case evaluation for good cause shown *on motion or by stipulation of the parties* if the court finds that case evaluation of such claims would be inappropriate. [Emphasis added.]

-3-

evaluation. See MCR 2.403(C)(1); *Magdich*, 305 Mich App at 280. Instead, the parties submitted *all* of their claims to case evaluation. The parties accepted the $0 award, which was necessarily paid within 28 days. See MCR 2.403(M)(1) (stating that all claims must be dismissed with prejudice if the award is paid within 28 days). Because no claims were exempted, the award constituted a "final adjudication" of *all* the parties' claims, *Magdich*, 305 Mich App at 276, and, once the award was paid, the trial court was required to dismiss the parties' claims with prejudice under MCR 2.403(M)(1), *CAM Constr*, 465 Mich at 555. The trial court erred by holding otherwise.[2]

This result is not affected by the case evaluation panel's apparent failure to state a separate award amount for defendant's claim against plaintiff or its note that defendant's counterclaim "has merit." As for the lack of a separate award, the case evaluation panel was precluded from listing a separate award for defendant's equitable counterclaim. See MCR 2.403(K)(3) (stating that "[t]he evaluation may not include a separate award on any equitable claim"); *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008) (interpreting "may not" as "shall not"). The lack of award for defendant against plaintiff was nothing more than the case evaluation panel's faithful application of MCR 2.403(K)(3). As for the panel's statement on the merits of defendant's counterclaim, it may have simply been to convey that the claim was not frivolous. But even if the statement was a remark on the counterclaim's likelihood of success at trial, this does not mean that the $0 award did not reflect that consideration. See MCR 2.403(K)(3) (stating that "the panel may consider [equitable] claims in determining the amount of an award"). The panel may have considered defendant's counterclaim and nonetheless awarded $0 because no amount of money could provide defendant with the relief she sought: removal of plaintiff from the property's title.[3] But it does not matter what the statement was intended to convey; defendant mistakenly believed that, after submitting her claim to case evaluation, she could accept the case evaluation award and then bifurcate the action, having plaintiff's claims dismissed while her claim proceeded. As held by our Supreme Court, bifurcating claims in accepted case evaluation awards is "directly contrary to the language of" MCR 2.403(M)(1), *CAM Constr*, 465 Mich at 555, and the "unambiguous language" of that rule reflects our Supreme Court's "desire to avoid bifurcation of civil actions submitted to case evaluation," *id*. at 557. Regardless of the case evaluation panel's note, the result of acceptance is

---

[2] This conclusion is bolstered by the fact that MCR 2.403 expressly provides an exception to dismissing equitable claims upon acceptance of a case evaluation award. MCR 2.403(M)(2) states, "If only a part of an action has been submitted to case evaluation pursuant to subrule (A)(3) and all of the parties accept the panel's evaluation, the court shall enter an order disposing of only those claims." By its plain language, the exception in MCR 2.403(M)(2) only applies if the parties proceeded under MCR 2.403(A)(3), which the parties in this case did not. Thus, the parties' acceptance was governed by MCR 2.403(M)(1), which requires dismissal of all claims in this case with prejudice. *CAM Constr*, 465 Mich at 555; *Magdich*, 305 Mich App at 281.

[3] Defendant admitted at a hearing that the case evaluation panel "addressed" her claim.

straightforward: once "both parties accepted the case evaluation award without qualification . . . the case [was] over." *Magdich*, 305 Mich App at 281.[4]

As for the trial court's subsequent order removing plaintiff from the title to the property, that order was improper. The trial court reasoned that it need not address the merits of defendant's counterclaim because the parties' acceptance of the case evaluation award determined that plaintiff did not have any interest in the property.

MCR 2.403(K)(3) states that "[t]he evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award." Based on this language, this Court has held that a case evaluation award cannot provide equitable relief. See *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 79; 577 NW2d 150 (1998). This Court has also held that providing equitable relief is beyond the permissible scope of a case evaluation award pursuant to MCR 2.403(A)(1). See *RN W Constr Co v Barra Corp of Am, Inc*, 148 Mich App 115, 118; 384 NW2d 96 (1986) ("The award tries to grant equitable relief, which is beyond the scope of [MCR 2.403(A)(1)] and the subject-matter jurisdiction of the [case evaluation] panel. A judgment cannot lawfully be based upon such an extra-jurisdictional award.").

Despite this case law, the trial court reasoned that "the case evaluation award determined that [plaintiff] had no interest in the property whatsoever." This was beyond the scope of permissible relief; all that the case evaluation award decided—and all that it could decide—was that plaintiff's claims entitled him to $0. This is not equivalent to deciding that plaintiff had no interest in the property.

This conclusion is mandated by MCR 2.403. That rule provides that acceptance of a case evaluation award can only have one of two effects: either judgment is entered in accordance with the award or, if the award is paid within 28 days, the claims are dismissed with prejudice. See

---

[4] The Court recognizes that in *Dane Const, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 292-294; 480 NW2d 343 (1991), this Court held that an equitable claim based on in rem proceedings against property is necessarily not included in a case evaluation award because the award cannot provide relief on that type of claim. Notably, neither party raised issues related to *Dane* at trial or on appeal, and the trial court never addressed the case. Even so, since *Dane*, MCR 2.403(A)(3) and MCR 2.403(M)(2) were amended to provide a means for exempting equitable claims from case evaluation. See *CAM Constr*, 465 Mich at 556 (describing the previous version of MCR 2.403 as "less detailed"). In light of these changes, as well as the unequivocal holdings in *CAM Constr* and *Magdich* that acceptance of a case evaluation award cannot result in the bifurcation of actions, we conclude that *Dane* does not apply here, and all of the parties' claims should be dismissed with prejudice. See MCR 2.403(M)(1) (stating that if the case evaluation award is paid within 28 days of the parties' acceptance, then the entire action—not certain claims in the action—*shall* be dismissed with prejudice); see also *CAM Constr*, 465 Mich at 556-557 (overruling cases that "improperly allow a party" to exempt a claim from case evaluation if the party can "make a showing that 'less than all issues were submitted' to case evaluation").

MCR 2.403(M)(1). Although acceptance of a case evaluation award serves as a final adjudication, *Magdich*, 305 Mich App at 276, nowhere in MCR 2.403 does it state that acceptance is a decision on the merits. Because the award here was paid within 28 days, the only permissible result was for the trial court to dismiss the claims with prejudice. The trial court's reasoning that acceptance of the case evaluation award mandated any conclusion other than this was incorrect. See *Schell v Baker Furniture Co*, 232 Mich App 470, 479-480; 591 NW2d 349, 353 (1998), aff'd on other grounds 461 Mich 502 (2000) ("[I]t is manifest that the contents of a [case] evaluation should not have any effect on a trial court's resolution of the merits of a case."). For these reasons, the trial court's order removing plaintiff's name from the title is vacated.

The March 9, 2017 order granting defendant sole title to the property is vacated. The December 2, 2016 order denying plaintiff's motion to dismiss is reversed, and the case is remanded to the trial court to enter an order dismissing all claims with prejudice. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan

-6-