Per Curiam.
 

 Defendant Wayne County Neighborhood Legal Services (wcnls) appeals by leave granted from an order of the circuit court denying its motion for mandatory dismissal of plaintiff’s lawsuit for failure to follow the procedures set forth in MCR 2.403(N). We affirm.
 

 In her eight-count first amended complaint, plaintiff alleges that she was initially hired by wcnls as an administrative assistant. Plaintiff asserts that sometime later, defendant altered plaintiff’s employment by expanding her duties to include the writing of grant proposals. Plaintiff alleges that the terms of her compensation were also changed to include a ten-percent commission on any grant monies received as a result of her efforts. Plaintiff further alleges that in 1995 defendant was awarded $671,500 in grants from proposals written by plaintiff. Plaintiff asserts that pursuant to the terms of her employment, she was due $67,500 in commission for 1995. Plaintiff alleges, however, that she was constructively discharged in order to avoid the payment of this commission.
 

 In response to a motion by defendant, the circuit court summarily dismissed three of plaintiff’s eight claims. The remaining five claims alleged fraudulent and innocent misrepresentation, breach of oral or implied-in-fact contract, promissory estoppel, and unjust enrichment.
 

 On April 12, 1999, a mediation hearing was held.
 
 [1]
 
 The mediation panel unanimously found that plaintiff’s complete cause of action was frivolous. In so
 
 *551
 
 doing, the panel referred to MCR 2.403(E)(4)(b) as support for its determination. Plaintiff did not file a motion asking for the circuit court to review de novo the panel’s finding, but did file a motion to remediate, which was denied by the court. The court also denied defendant’s motion for summary disposition. Defendant had argued that the remaining claims should be summarily dismissed under MCR 2.116(C)(10), because plaintiff’s employment contract did not permit oral modification of its terms, thereby precluding plaintiff’s claim for a ten-percent commission.
 

 After receiving plaintiff’s rejection of the mediation evaluation, defendant moved to dismiss plaintiff’s case, arguing that MCR 2.403(N)(3) mandates dismissal because plaintiff failed to post the bond required by the court rule. The circuit court denied defendant’s motion.
 

 Defendant argues on appeal that the circuit court erred in denying its motion to dismiss under MCR 2.403(N)(3), because plaintiff did not follow the mandates of the court rule that required her to move for review of the mediation evaluation within fourteen days after the alternative dispute resolution (adr) clerk sent notification of the case evaluation and post the required cash or surety bond. We reject this argument. MCR 2.403(E)(4) states*
 
 [2]
 
 in pertinent part: “In a tort case to which MCL 600.4915(2) ... or MCL 600.4963(2) . . . applies, if the panel unanimously finds that a party’s action ... as to any other party is frivolous, the panel shall so indicate on the evaluat
 
 *552
 
 ion.”
 
 [3]
 
 MCL 600.4915 and MCL 600.4963 set forth procedures to be followed in medical malpractice and tort action mediation, respectively. In identical language, subsection 2 of each of these statutes indicates that “[i]f the action proceeds to trial, the party who has been determined to have a frivolous action or defense shall post a cash or surety bond, approved by the court, in the amount of $5,000.00 for each party against whom the action or defense was determined to be frivolous.” MCL 600.4915(2); MCL 600.4963(2).
 

 This statutory language is mirrored in MCR 2.403(N)(3), which at the time this action was mediated stated that “[e]xcept as provided in subrule (2), if a party’s claim . . . was found to be frivolous under subrule (K)(4), that party shall post a cash or surely bond, pursuant to MCR 3.604, in the amount of $5,000 for each party against whom the action . . . was determined to be frivolous.” Additionally, MCR 2.403(N)(2) provides, “If a party’s claim . . . was found to be frivolous under subrule (K)(4), that party may request that the court review the panel’s finding by filing a motion within 14 days after the ADR clerk sends notice of the rejection of the case evaluation award.” The circuit court concluded that because plaintiff’s action sounded in contract and not tort, MCR 2.403(N) did not apply.
 

 We agree with this conclusion. An examination of plaintiff’s complaint shows that three of her remaining claims clearly sounded in contract, not tort. Plaintiff sought recovery under theories of breach of an express oral or implied-in-fact contract, quasi-contract (plaintiff’s unjust enrichment claim), and prom
 
 *553
 
 issory estoppel. Plaintiff’s two remaining claims, however, sounded in tort.
 
 [4]
 

 Resolution of this appeal turns on an inteipretation of MCR 2.403(E)(4), specifically the phrase, “tort case.” Interpretation of a court rule is a question of law that this Court reviews de novo.
 
 CAM Constr v Lake Edgewood Condominium Ass’n,
 
 465 Mich 549, 553; 640 NW2d 256 (2002). When interpreting a court rule, we apply the same rules as when we engage in statutory interpretation.
 
 Id.
 
 at 553. The overriding goal of judicial interpretation of a court rule is to give effect to the intent of the authors. See
 
 Bio-Magnetic Resonance, Inc v Dep’t of Public Health,
 
 234 Mich App 225, 229; 593 NW2d 641 (1999). The starting point of this endeavor is the language of the court rule.
 
 Id.
 
 If the language of the court rule is clear and unambiguous, then no further interpretation is required or allowed.
 
 CAM Constr, supra
 
 at 554. However, when reasonable minds can differ on the meaning of the language of the rule, then judicial construction is appropriate.
 
 Benedict v Dep’t of Treasury,
 
 236 Mich App 559, 563; 601 NW2d 151 (1999).
 

 In
 
 CAM Constr,
 
 our Supreme Court addressed the meaning of the words “claim” and “action” with regard to subrule M(l) of MCR 2.403. After examining the common legal meaning of the terms by consulting Black’s Law Dictionary (7th ed), the Court concluded that “according to the plain meaning of these words,
 
 *554
 
 a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted.”
 
 CAM Constr, supra
 
 at 555.*
 
 [5]
 

 While the definition of action cited in
 
 CAM Constr
 
 includes both a “civil or criminal proceeding,” MCR 2.403(A) makes clear that the type of action to which the court rule applies is a civil action. “Civil action” is defined by the same edition of Black’s referenced in
 
 CAM Constr
 
 as “[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation.” Black’s,
 
 supra
 
 at 30. The question before us is how to understand the phrase “tort case” within the context of the court rule and the
 
 CAM Constr
 
 Court’s affirmative categorical statement regarding claims and actions.
 

 A “case” is defined as “[a] proceeding, action, suit, or controversy at law or in equity.”
 
 Id.
 
 at 206. Thus, as the terms are commonly used, “civil case” and “civil action” can be treated as synonymous. Accordingly, a civil case would also encompass the civil claims asserted. Further, a “civil action,” as defined above, is a broad category that includes a variety of subcategories.
 
 [6]
 
 The term “civil case” also circumscribes a broad category of legal actions, each of
 
 *555
 
 which can. consist of one or more claims. In this context, the use of the modifier “tort” signals the intent to identify a distinct type of civil case or action, made up of one or more claims based on tort law. In essence, “tort case” identifies what is known as an
 
 action ex delicto,
 
 i.e., a “personal action arising out of a tort.”
 
 Id.
 
 at 29. There is nothing in the language used in the court rule that indicates that its authors intended the specific subcategory “tort case” to encompass civil actions that include both tort and any other civil claims. As used in the court rule, a tort case is one where all the underlying claims sound in tort. If a case includes both tort and contract claims, or tort and any other type of civil claim, that case falls within the category civil case or action, but not within the subcategory “tort case.”
 
 [7]
 
 Because three of plaintiffs remaining claims in this civil case sounded in contract, her case does not fall within the subcategory “tort case.” Accordingly, we hold that the trial court did not err in denying defendant’s motion to dismiss.
 

 Defendant also attempts to raise an issue as a cross-appeal. This issue is not properly before us. MCR 7.207(A)(1) provides that an appellee, the person against whom the appeal is brought, can file a cross-appeal. Defendant is the appellant in this case and cannot do an end run around the requirements of MCR 7.205(D)(4), which limits defendant’s appeal to the single issue raised in the application for leave to appeal, by erroneously claiming to also be a cross-appellee.
 

 Affirmed.
 

 [1]
 

 In April 1999, MCR 2.403 used the tema “mediation” to describe the process outlined in the court rule. On May 9, 2000 (effective August 1,
 
 *551
 
 2000), the court rule was amended, and the term “mediation” was replaced with “case evaluation.”
 

 [2]
 

 We employ the present tense because the May 2000 amendments of the court rule did not change any of the language essential to deciding this appeal. Accordingly, the holding of this case applies to the current version of the court rule.
 

 [3]
 

 In citing subrule K(4)(b), the panel indicated that it had determined that plaintiff “had no reasonable basis to believe that the facts underlying that party’s legal position were in fact true.”
 

 [4]
 

 Claims alleging innocent and fraudulent misrepresentation need not necessarily sound in tort. Depending on the circumstances, they could be understood as a waiver of a tort action in favor of seeking restitution under a theory of quasi-contract, see 1 Restatement Contracts, 2d (1979), ch 7, topic 1, introductory notes, pp 423426; Prosser & Keeton, Torts (5th ed), § 94, pp 672-673. However, plaintiff has represented to this Court that her misrepresentation claims sounded in tort. We also note that pursuant to MCR 8.117, plaintiff chose to assign a general civil as opposed to a contract code to the complaint when filed.
 

 [5]
 

 This interpretation of the court rule’s language is supported by MCR 2.403(K)(2), which explicitly recognizes that an action submitted for mediation may consist of a variety of claims:
 

 The evaluation must include a separate award as to the plaintiff’s claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action. For the purpose of this subrule, all such claims filed by any one party against any other party shall be treated as a single claim.
 

 [6]
 

 MCR 2.403(A)(1) indicates that mediation of one of these subcategories, domestic relations actions, is governed by a separate court rule. MCR 3.216.
 

 [7]
 

 In citing MCL 600.4915(2) and MCL 600.4963(2), subrule K(4) further subdivides the tort category to include both medical malpractice cases and regular tort cases.