# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of VANDECAR.

---

MARCIA LYNNE BROWN,

        Appellant,

v

BARBARA SCHNATTER, Personal
Representative of the Estate of MARY
ELIZABETH VANDECAR,

        Appellee.

UNPUBLISHED
March 14, 2017

No. 330786
Ingham Probate Court
LC No. 14-000743-DE

---

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Appellant appeals by right an order of the probate court denying her request to remove appellee as personal representative under MCL 700.3713(2), ordering the sale of estate property, and awarding attorney fees and costs to appellee under MCR 5.313(A). We affirm.[1]

## I. FACTS

The decedent's will named appellee as personal representative of the decedent's estate and devised the decedent's house to appellant, and then to the decedent's nieces "[i]f [appellant] predeceases me or does not want the house." The decedent's two nieces are appellee's daughters.

Appellee chose to work with a title insurance company to effectuate the transfer of the house to appellant. According to appellee, the title insurance company required "an agreement between the parties." Appellant took exception to the transfer agreement drafted by appellee's attorney, as well as appellee's enlistment of a title insurance company, and all subsequent

---

[1] After appellant filed her claim of appeal, appellee resigned as personal representative and her daughter was named successor personal representative.

-1-

attempts made to reach agreement and file the necessary transfer document were futile. After a series of pleadings were filed, the court ultimately denied appellant's petition to have appellee removed as personal representative, ordered that the home be sold, and ordered that appellant should bear the "reasonable costs and attorney fees above the $3,000 expected costs of administration."

## II. ANALYSIS

## A. ATTORNEY FEES

Appellant raises several arguments challenging the award of attorney fees to appellee. Appellant argues that under MCR 5.313, if an attorney charges fees to an estate, the personal representative must file a notice of fee agreement using form SCAO PC 576, and deliver a copy to interested parties. Appellant asserts that appellee did not comply with this procedure. Related to this argument is appellant's assertion that the court erred when it awarded attorney fees as reasonable estate expenses because the required notice was not filed. Additionally, appellant argues that, because the petition for attorney fees was in reality a claim against appellant for damages, appellee was required to initiate a civil action under MCR 5.101(C)(1), which appellee failed to do.

### 1. MCR 5.313

Appellant claims that appellee failed to send the required notice that she had hired an attorney to help with the administration of the estate; thus, attorney fees should not have been awarded. A trial court's decision ordering the payment of attorney fees is reviewed for an abuse of discretion and its findings of fact on which the award is based are reviewed for clear error. *Stallworth v Stallworth*, 275 Mich App 282, 288; 738 NW2d 264 (2007). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008).

MCR 5.313(A) provides that "[a]n attorney is entitled to receive reasonable compensation for legal services rendered on behalf of a personal representative, and to reimbursement for costs incurred in rendering those services." The rule goes on to provide that, once the attorney begins representing the personal representative, the two "must enter into a written fee agreement signed by them. A copy of the agreement must be provided to the personal representative." MCR 5.313(B). The personal representative is required to "mail to the interested persons whose interests will be affected by the payment of attorney fees, a notice in the form substantially approved by the State Court Administrator and a copy of the written fee agreement." MCR 5.313(D). This must be done "[w]ithin 14 days after the appointment of a personal representative or the retention of an attorney by a personal representative, whichever is later[.]" *Id.*

The probate court found that the personal representative, appellee, filed the appropriate form and delivered a copy to appellant. This is supported by the record, as appellee appended the notice to her brief in response to appellant's motion to remove. The notice is on SCAO PC 576, the same form appellant asserts should have been used. Appellant introduced no evidence

to suggest that appellee did not in fact send the notice. Accordingly, the probate court did not clearly err when it found that appellee complied with MCR 5.313(D). See *Stallworth*, 275 Mich App at 288.

## 2. MCR 5.101(C)(1)

Appellant's assertion that the fee award was in error because appellee did not bring a civil action pursuant to MCR 5.101(C)(1) was not raised below, and thus will be reviewed for plain error affecting substantial rights. See *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (citation omitted).

Appellant relies on MCR 5.101(C)(1) as authority for the proposition that a fiduciary must file a civil action to recover "damages" consisting of attorney fees. MCR 5.101(A) instructs that "[t]here are two forms of action, a 'proceeding' and a 'civil action,' " and subrule (C) provides that "any action against another filed by a fiduciary or trustee" is a civil action that must be "commenced by filing a complaint." MCR 5.101(C)(1). "A proceeding is commenced by filing an application or a petition with the court." MCR 5.101(B).

In December 2014, appellee requested that the probate court direct appellant to "sign the Transfer Agreement so the house may be transferred to her or return the house to the estate so it may be transferred to alternate devisees." In May 2015, appellee filed a motion to authorize transfer, in which she stated that appellant and her attorney had not responded to numerous communications regarding effectuating the transfer. Also in May 2015, appellee filed a motion to find appellant in contempt of court, assess attorney fees, and authorize a transfer and lien, all predicated on the failure to effectuate a transfer of the real estate.

Subsequently, appellant petitioned the probate court to remove appellee as personal representative under MCL 700.3611(2)(c)(*iv*), which was also predicated on the dispute regarding transfer. And after responding to appellant's motion to have her removed as personal representative, appellee filed a petition to sell the house, stating the "amount of attorney fees now accumulated as a result of attempting to work with [appellant's] attorney equals or exceeds the amount of monies left in the estate account." Appellee further requested that the court "[d]educt the fines, costs and attorney fees awarded to [appellee] from the Motion to Find Devisee in Contempt of Court from [appellant's] proceeds from the sale of the house."

None of appellee's filings constitute an "action against another filed by a fiduciary." MCR 5.101(C)(1). Rather the various motions and responses all centered on the transfer of the house, which was properly addressed through "[a] proceeding . . . commenced by filing an application or petition[.]" MCR 5.101(B). See also *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 356 n 12; 833 NW2d 384 (2013).

The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., provides that "[i]f a personal representative or person nominated as personal representative defends or prosecutes a proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate necessary expenses and disbursements including reasonable

attorney fees incurred." MCL 700.3720. On the record evidence, the probate court reasonably found that appellee "has attempted to expedite the matters pertaining to the estate in a diligent manner and in good faith," while appellant had failed "to follow Court orders, show a meaningful intent to settle this claim, or work effectively with opposing counsel to compromise." Appellant has not shown plain error affecting her substantial rights.

## B. SALE OF REAL PROPERTY

Next, appellant argues that the probate court erred when it granted appellee the authority to sell the house without filing SCAO PC 681, as mandated by MCR 5.207. To resolve this issue, we consider the meaning of the cited court rule. We review de novo the interpretation and application of a court rule as a question of law. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002). Our goal is to give effect to the intent of the authors; thus, when language is clear and unambiguous, it must be enforced as written. *Id*.

MCR 5.207(A) provides as follows:

> Any petition to approve the sale of real estate must contain the following:
> (1) the terms and purpose of the sale,
>
> (2) the legal description of the property,
>
> (3) the financial condition of the estate before the sale, and
>
> (4) an appended copy of the most recent assessor statement or tax statement showing the state equalized value of the property. If the court is not satisfied that the evidence provides the fair market value, a written appraisal may be ordered.

The term "sale" means: "the act of selling" and "opportunity of selling or being sold." *Merriam-Webster's Collegiate Dictionary* (11th). Clearly the court rule speaks to what a fiduciary must provide when seeking approval for a negotiated sale of real estate. The rule was originally made effective as of January 1, 2002. 464 Mich cxxxi (2001). That version contained subrules (A)(1) through (3). Subrule (A)(4) was added in 2005. 474 Mich ccxxxvii (2005). The comment provided by the 2000 Probate Rules Committee on the purpose of the rule states that it "permits, but does not require, obtaining prior approval of a decision to sell." Thus, a fiduciary is permitted to sell without notifying the probate court, but if the fiduciary seeks approval, it is not of the right to sell but of the decision to sell according to terms agreed upon by seller and buyer. The staff comment regarding the 2005 amendment states that it "allows for better court oversight when real property *is sold*" (emphasis added), not when the fiduciary seeks authority *to sell*. Until a sale has been negotiated, there is nothing for the court to approve under MCR 5.207(A). Indeed, the form cited by appellant, SCAO PC 681, includes sections to inform the probate court of the name of the buyer, the sale price, and terms of the sale. SCAO PC 681, § 2. This information—particularly the name of the buyer—would not be known until a sale had been negotiated and a "meeting of minds" reached. Thus, this argument is without merit.

-4-

## C. PETITION TO REMOVE PERSONAL REPRESENTATIVE

Last, appellant argues that the probate court erred when it refused to remove appellee as personal representative because she had a conflict of interest. A court's decision on the removal of a fiduciary is reviewed for an abuse of discretion. *In re Kramek Estate*, 268 Mich App 565, 576; 710 NW2d 753 (2005).

Appellant cites MCL 700.3713(2) as authority for her contention that appellee had a conflict of interest. That section provides in part as follows:

> A sale, encumbrance, or other transaction involving the investment or management of estate property is presumed to be affected by a conflict between personal and fiduciary interests if it is entered into by the personal representative with any of the following:
>
> * * *
>
> (b) The personal representative's descendant, sibling, or parent or the spouse of the personal representative's descendant, sibling, or parent.

Appellant proffers no evidence that appellee entered into a "sale, encumbrance, or other transaction" with her daughters with respect to the house. Instead, appellant raises a speculative argument based on conjecture about the motivation of appellee in taking actions that appellant alleges caused her to not want to take the house under the will. However, appellee's actions were fully compliant with the commands of the will. Indeed, appellee asserted that she "is and always has been ready and willing to transfer the house" to appellant and many of the various motions brought by appellee were to effectuate that transfer by requiring appellant to sign a transfer agreement. Further, it was the testator who set forth the provision providing for transfer of the house to appellee's daughters (the testator's nieces) "with the residue of my estate" in the event that appellant decided she did not want the house. The testator also expressed that she wanted the estate's personal representative, appellee, "to have maximum flexibility." Therefore, the trial court did not abuse its discretion when it refused to remove appellee as personal representative pursuant to an unsubstantiated conflict of interest allegation.

Affirmed. Appellee is entitled to tax costs as the prevailing party. See MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto