*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN WILSON,

       Plaintiff-Appellant,

v

M. CHAPPA, CAPTAIN JOHNSON, UNKNOWN
D.W., and DAVIS ISARD,

       Defendants-Appellees.

UNPUBLISHED
September 15, 2022

No. 358625
Chippewa Circuit Court
LC No. 21-016386-CZ

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

PER CURIAM.

In this appeal arising under the prisoner litigation reform act (PLRA), MCL 600.5501 *et seq.*, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(7) and (8).[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff is a prisoner at a state correctional facility and defendants are prison employees. In September 2019, plaintiff received a minor misconduct report after he was absent from a "mandatory Health Services Callout." At the hearing on plaintiff's misconduct report, plaintiff admitted he was two minutes late to the callout, but stated he was not absent. The hearing officer found plaintiff guilty and plaintiff was sanctioned. Plaintiff appealed to the prison warden, who denied plaintiff's appeal.

Plaintiff filed a complaint in the trial court, claiming defendants falsified documents and acted with malicious intent. He also alleged defendants violated prison policies and plaintiff's right to due process. Plaintiff sought several hundred dollars in damages. Defendants moved for summary disposition, arguing plaintiff failed to comply with the PLRA because (1) he had

---

[1] Defendants also moved for summary disposition under MCR 2.116(C)(4), but it does not appear the trial court decided the motion under this subrule.

outstanding court fees from an earlier appeal; (2) plaintiff's complaint failed to inform the trial court of his other appeals; and (3) the claim was barred by governmental immunity. The trial court granted defendants' motion for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the grant or denial of a motion for summary disposition. *Does 11-18 v Dep't of Corrections*, 323 Mich App 479, 490; 917 NW2d 730 (2018). A trial court properly grants a motion for summary disposition under MCR 2.116(C)(7) if "the claim is barred because of immunity granted by law." *Horace v City of Pontiac*, 456 Mich 744, 749; 575 NW2d 762 (1998). A motion under MCR 2.116(C)(8) tests whether "[t]he opposing party has failed to state a claim on which relief can be granted."

We also review the interpretation of statutes and court rules de novo. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002). "When interpreting a court rule, we apply the same rules as when we engage in statutory interpretation." *Id*.

> When interpreting statutes, the primary goal of the judiciary is to ascertain and give effect to the intent of the Legislature. When the Legislature has unambiguously conveyed its intent within a statute, judicial interpretation is neither necessary nor permitted. However, if the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory. If a word is not defined in a statute, that word should be interpreted according to its plain and ordinary meaning, and in those situations, [this Court] may consult dictionary definitions. Judicial interpretation of statutes should construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature. [*Haynes v Village of Beulah*, 308 Mich App 465, 468; 865 NW2d 923 (2014) (quotation marks and citations omitted).]

## III. PROCEDURAL REQUIREMENTS

The PLRA sets forth a number of procedural requirements that a prisoner must satisfy to commence a civil action. The trial court granted defendants' motion for summary disposition, in part, because plaintiff did not fulfill these requirements. Plaintiff contends the trial court erred in granting defendants' motion for summary disposition because he satisfied the PLRA's procedural requirements. We disagree.

## A. OUTSTANDING FEES

MCL 600.2963(8) states: "A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid." MCL 600.2963(1) precludes the trial court from accepting the filing of a civil action if the prisoner owes outstanding filing fees. Defendants moved for summary disposition, in part, because plaintiff had outstanding court fees from an earlier appeal to this Court. The trial court granted defendants' motion on this basis. On appeal, plaintiff argues the trial court erred because, at the time defendants moved for summary disposition, the fees had been deducted

from plaintiff's prisoner account, but the Michigan Department of Corrections (MDOC) failed to timely remit the fees to this Court.

Although the MDOC failed to timely remit payment, this does not mean the trial court erred in granting defendants' motion for summary disposition. Defendants' motion for summary disposition included an exhibit showing plaintiff had outstanding fees to this Court. Plaintiff failed to offer evidence or argument refuting this evidence. Thus, the trial court did not err in granting defendants' motion for summary disposition because the evidence presented to the trial court at the time showed plaintiff had outstanding fees.

### B. NUMBER OF CIVIL ACTIONS

The trial court also granted summary disposition because plaintiff's complaint failed to accurately state the number of claims he had previously filed. Under the PLRA, "[a] prisoner who brings a civil action or appeals a judgment concerning prison conditions shall, upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated." MCL 600.5507(2). Defendants argued plaintiff's complaint inaccurately cited his number of previous appeals. Plaintiff's complaint stated he had no earlier appeals, when, in fact, plaintiff had filed other appeals. See *Wilson v Dep't of Corrections*, 477 Mich 904; 722 NW2d 800 (2006). Plaintiff's failure to disclose his earlier appeals warranted the trial court's grant of summary disposition. See *Tomzek v Dep't of Corrections*, 258 Mich App 222, 224-225; 672 NW2d 511 (2003).

### C. AVOIDANCE OF GOVERNMENTAL IMMUNITY

"Governmental immunity is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a governmental agency." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 155-156; 615 NW2d 702 (2000). The governmental tort liability act (GTLA) affords governmental agencies and their employees immunity if they are engaged in the exercise of a governmental function. MCL 691.1407(1). Our Supreme Court has held that MDOC is a state agency entitled to governmental immunity. *Fairley v Dep't of Corrections*, 497 Mich 290, 299-300; 871 NW2d 129 (2015).

There are, however, certain instances in which a government employee may be subject to liability. See, e.g., *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004); *Lavey v Mills*, 248 Mich App 244, 256-257; 639 NW2d 261 (2001). A party who sues a government employee "must plead [their] case in avoidance of immunity." *Mack v Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id*. at 204.

Plaintiff's arguments to the trial court cited a number of alleged due-process and other violations by defendants. According to plaintiff, defendants' actions were "deliberate and malicious" and, therefore, not subject to governmental immunity. The trial court granted summary disposition because plaintiff failed to plead an avoidance of governmental immunity. There is no error on this basis because, in arguing an avoidance of governmental immunity, plaintiff should

have either explained that defendants' actions fell under a statutory exception to governmental immunity, or that the actions occurred during "the exercise or discharge of a nongovernmental or proprietary function." *Id.*

Because we conclude that plaintiff failed to satisfy the procedural requirements of his claim, we need not consider plaintiff's substantive arguments.

Affirmed.

/s/ Michael J. Kelly
/s/ Thomas C. Cameron
/s/ Noah P. Hood