*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN HUDDLESTON and STARR
HUDDLESTON,

        Plaintiffs-Appellants,

v

SHARON LEE GRAUMILLER,

        Defendant-Appellee,

and

ALLSTATE INSURANCE COMPANY and
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

        Defendants.

UNPUBLISHED
July 20, 2023

No. 362518
Macomb Circuit Court
LC No. 2019-000335-NF

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs, Alan Huddleston and Starr Huddleston[1] (collectively, "the Huddlestons"), appeal as of right the trial court's order granting defendant, Sharon Lee Graumiller's, motion for case evaluation sanctions. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2016, the parties were involved in a minor automobile accident in the parking lot of a Meijer grocery store. The Huddlestons declined ambulance services and proceeded into the Meijer store. However, they later sought medical treatment for accident-related injuries.

---

[1] Starr is Alan's mother.

Several years later, the Huddlestons filed a complaint against defendants. The trial court ordered the parties to participate in case evaluation. The case evaluation panel awarded $132,000 to Alan against Graumiller, and $6,000 to Starr against Graumiller. The Huddlestons and Graumiller rejected the award and the case proceeded to trial. After trial, the jury awarded $30,000 to Alan and $5,000 to Starr. Graumiller then moved for case evaluation sanctions under MCR 2.403(O)(3) because the jury verdict was "more favorable" to her than the case evaluation award. The trial court granted the motion and case evaluation sanctions were awarded to Graumiller. This appeal followed.

## II. LAW AND ANALYSIS

## A. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision to impose case evaluation sanctions, *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008), as well as any arguments alleging due-process violations. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). This Court also reviews de novo the trial court's interpretation of court rules. *Ayre v Outlaw Decoys, Inc*, 256 Mich App 517, 520; 664 NW2d 263 (2003).

> When interpreting a court rule, we apply the same rules as when we engage in statutory interpretation. The overriding goal of judicial interpretation of a court rule is to give effect to the intent of the authors. The starting point of this endeavor is the language of the court rule. If the language of the court rule is clear and unambiguous, then no further interpretation is required or allowed. However, when reasonable minds can differ on the meaning of the language of the rule, then judicial construction is appropriate. [*Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002) (citations omitted).]

This Court reviews for an abuse of discretion the trial court's decision to employ the earlier version of a court rule. See *Cole v Eckstein*, 202 Mich App 111, 117; 507 NW2d 792 (1993). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith*, 481 Mich at 526.

## B. CASE EVALUATION SANCTIONS

The Huddlestons contend the trial court erred in awarding Graumiller case evaluation sanctions under MCR 2.403(O) because that section was amended to eliminate sanction provisions. We disagree.

MCR 2.403(O) formerly stated in part that if "a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation." But, on December 2, 2021, our Supreme Court entered an order adopting amendments to MCR 2.403, which became effective on January 1, 2022. See Michigan Supreme Court Administrative Order No. 2020-06, 508 Mich ___ (2021). Among these amendments was the elimination of subsection (O). This change was made,

at least in part, to encourage parties to stipulate to other forms of informal resolution processes. MCR 2.403, 2022 Staff Comment.[2]

In light of the elimination of subsection (O), the first issue in this case is whether the trial court correctly ordered sanctions against the Huddlestons for their rejection of the case evaluation award. That is, this Court should ask whether the trial court properly applied the former version of subsection (O), or whether it should have applied the amended version, which eliminated sanctions under that subsection.

> [T]he norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules. However, an injustice is not present merely because a different result would be reached under the new rules. Rather, a new court rule would "work injustice" where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules. [*Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337-338; 602 NW2d 596 (1999) (quotation marks and citations omitted).]

"[W]hile the results may be different between the old and new rule, as may ordinarily be expected, this is not the dispositive factor in the analysis." *Id*. at 345. Instead, "several factors must be considered when determining the 'injustice' in a particular case and whether a party 'relied' on a court rule to the extent that it would be 'unjust' to alter the rule in midstream." *Id*. Some of these factors include the timing of the parties' actions, the parties' reliance on the former version of the court rule, and any other "pertinent factors." *Id*.

Below is a timeline of the relevant events:

| | | |
|---|---|---|
| March 3, 2020 | = | The parties reject the case evaluation award. |
| September 15, 2021 | = | The jury enters the verdict, awarding $30,000 to Alan and $5,000 to Starr. |
| December 2, 2021 | = | Our Supreme Court adopts the amendments to MCR 2.403, which eliminates case evaluation sanctions under MCR 2.403(O). |
| December 3, 2021 | = | Graumiller moves for case evaluation sanctions. |
| January 1, 2022 | = | The amendments to MCR 2.403 become effective. |

---

[2] See *Bradley v Progressive Marathon Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358796); slip op at 6 (quotation marks, alterations, and citation omitted) ("[W]hile staff comments to the court rules are not binding authority, they can be persuasive in understanding the proper scope or interpretation of a rule or its terms.").

August 3, 2022     =     The trial court enters final judgment, granting Graumiller's motion for case evaluation sanctions.

The former version of the court rule was in effect when the parties were going through the case evaluation process, when they decided to reject the case evaluation award, and during trial. But final judgment was not entered until August 3, 2022, after the amendments to the court rule became effective. Even so, all the "pertinent decisions" leading to the rejection of the case evaluation award occurred before the effective date of the amendments—that is, the parties had already rejected the case evaluation award and proceeded to trial. Thus, the trial court did not abuse its discretion in granting case evaluation sanctions because it is clear all the parties' actions with respect to the rejection of the case evaluation award had occurred well before our Supreme Court announced the amendments. We therefore affirm the trial court's application of the former version of the court rule.

## C.  TRIAL COURT'S ORDER

The Huddlestons believe a due-process violation occurred when the trial court impermissibly "lead[]" Graumiller to move for case evaluation sanctions. They also claim error because the trial court judge did not sign the order at issue. These arguments lack merit.

On September 21, 2021, after the jury trial concluded, the Huddlestons submitted a proposed final order. Graumiller objected and submitted her own proposed order which provided, in part: "This is a final order but does not close the case as [Graumiller] may file a motion for case evaluation sanctions." The Huddlestons take issue with Graumiller's proposed order.

But, the trial court did not enter or sign Graumiller's proposed judgment. Thus, this argument which challenges the trial court's actions as "leading" is completely meritless because this proposed order never became effective against the parties. Further, the lack of a signature is indicative that this order was never effective, and therefore not actionable against the parties.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

-4-