*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VAMARA TOURE,

        Plaintiff-Appellee,

v

MICAH DAVIS,

        Defendant,

and

DETROIT INTERNATIONAL HOLDINGS LLC,
and KOPERFIELD INVESTMENTS 2 LLC,

        Defendants-Appellants.

UNPUBLISHED
February 13, 2026
9:43 AM

No. 372918
Wayne Circuit Court
LC No. 22-010873-CH

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

In this quiet title matter involving a forged deed, the trial court entered a default judgment against defendant Micah Davis and quieted title to the property in plaintiff Vamara Toure's favor, against all defendants. The court order also dismissed defendant-appellants, Detroit International Holdings LLC (Detroit International) and Koperfield Investments 2 LLC (Koperfield), as parties for lack of privity of contract and required the current tenants of the property to pay rent to Toure. Detroit International and Koperfield appeal now as of right, arguing that the trial court erred by denying them the opportunity to file a claim under MCR 3.411(D)(1) for the value of improvements that they made to the property. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

Toure purchased the property in May 2016. In April 2018, he traveled from his primary residence in New York to Michigan and discovered that someone else was in possession of the

property. It is undisputed that Davis forged a deed transferring the property from Toure to herself and that the notary who notarized the transaction falsely represented that Toure had been present for the transaction. Davis subsequently transferred the property to Detroit International, which then transferred the property to Koperfield.[1]

Toure brought this suit alleging: (I) fraudulent transfer of deeds as to Detroit International, Koperfield, and Davis; (II) fraud as to Davis; and (III) slander of title as to Davis. Toure sought: (1) the deed from him to Davis, and all subsequent deeds, be declared void *ab initio*; (2) removal of the deed from him to Davis, and all subsequent deeds, from the chain of title; (3) incidental and consequential damages of $25,000 from Davis; (4) an order for the immediate removal of the property's occupants and to allow Toure to retake possession; and (5) costs, interest, and attorney fees. On September 13, 2024, Toure moved for default judgment against Davis and summary disposition to quiet title against all defendants. On September 27, 2024, the trial court granted Toure's request for a default judgment against Davis. The trial court also granted summary disposition in favor of Toure to quiet title to the property and dismissed Detroit International and Koperfield as parties, in addition to ordering the current tenants of the property to make any rental payments to Toure. This appeal follows.

## II. STANDING

Toure argues that Detroit International and Koperfield lack standing to bring this appeal because they cannot "appeal an order dismissing another person." Toure cites no authority in support of this proposition. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Regardless, "a litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). Here, as will be explained below, Detroit International and Koperfield have a legal cause of action under MCR 3.411(F)(1) for the value of improvements to the property.

## III. CLAIM FOR IMPROVEMENTS

### A. STANDARD OF REVIEW

Detroit International and Koperfield contend that the trial court erred by imposing a privity requirement on their claim for the value of improvements under MCR 3.411(D)(1). As discussed in *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011) (citations omitted):

> We review issues of law, including the interpretation and application of court rules and constitutional issues, de novo. We review for an abuse of discretion a trial court's decision on a motion to set aside a default and whether to grant a default

---

[1] Both Detroit International and Koperfield have the same authorized agent.

judgment. A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes.

## B. ANALYSIS

Under MCL 600.2932, a party "may seek to quiet title to real property by bringing an action in circuit court." *Fed Home Loan Mtg Corp v Werme*, 335 Mich App 461, 469; 966 NW2d 729 (2021). MCL 600.2932 provides that actions brought under it "are equitable in nature." MCR 3.411 "applies to actions to determine interests in land under MCL 600.2932." A party bringing a claim to quiet title must sufficiently describe the land and the claimed interests of both parties. MCR 3.411(B). After considering evidence, the trial court must determine which party holds title to the premises. MCR 3.411(D)(1). Here, it is undisputed that Toure sought to quiet title to real property by bringing an action in circuit court, that he sufficiently described the land and the claimed interests of all parties, and that the trial court concluded that Toure held title to the property after considering the evidence.

After the court found that Toure had title to the premises, Detroit International and Koperfield sought to bring a claim under MCR 3.411(F) for the value of improvements that they made to the property. The court denied their request, reasoning that it could not be maintained because they lacked privity of contract with Toure. Detroit International and Koperfield contend that, in making that ruling, the court ignored the plain language of MCR 3.411(F)(1).

"The interpretation and application of a court rule is governed by the principles of statutory construction, commencing with an examination of the plain language of the court rule." *Estate of Maki v Coen*, 318 Mich App 532, 540; 899 NW2d 111 (2017) (quotation marks and citation omitted). "The overriding goal of judicial interpretation of a court rule is to give effect to the intent of the authors." *Wilcoxon v Wayne County Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002). "If the language of the court rule is clear and unambiguous, then no further interpretation is required or allowed." *Id*.

MCR 3.411(F)(1) provides:

(1) Within 28 days after the finding of title, a party may file a claim against the party found to have title to the premises for the amount that the present value of the premises has been increased by the erection of buildings or the making of improvements by the party making the claim or those through whom he or she claims.

Notably, MCR 3.411(F)(1) has no language limiting a claim for improvements to individuals who are in privity of contract with the person who a court has found to have title to the premises. Instead, it requires that the person filing a claim for improvements be "a party." Detroit International and Koperfield are parties to Toure's quiet-title action. The court rule requires that their claim for improvements be brought against "the party found to have title to the premises." Toure is the party that the court found to have title. Given the plain language of MCR 3.411(F), we conclude that the trial court erred by denying Detroit International and Koperfield the opportunity to file their claim for improvements against Toure.

The trial court suggested that Detroit International and Koperfield could "sue Micah Davis." However, the court rule does not permit, nor does it require the claim for improvements to be brought against a party's immediate predecessor in interest. Thus, the court's contention that the claim could and should be maintained against Davis is also contrary to the plain language of the court rule. Likewise, the court's suggestion that a claim could only be maintained if Detroit International and Koperfield had any title or interest in the property is also erroneous inasmuch as the court rule expressly contemplates that someone without title may claim the value of improvements made to the property.

Toure contends that Detroit International and Koperfield's claim is nevertheless barred under MCR 3.411(F)(3), which provides that "[t]he party claiming the value of the improvements may not recover their value if they were made in bad faith." Whether Detroit International and Koperfield made the improvements to the property in bad faith, however, is irrelevant to a determination of whether they may bring a claim under MCR 3.411(F)(1). Here, it was determined that Davis forged the deed with the aid of a notary. There is nothing in the record suggesting that Detroit International and Koperfield were aware that Davis's claim to the property was based upon a forged deed. Nor is there any evidence that they were aware, at the time that they made the improvements, that there was a cloud upon their title to the property. In the absence of any evidence of bad faith, it is premature to preclude their claim on the basis of MCR 3.411(F)(3).

Reversed and remanded for further proceedings. We do not retain jurisdiction. Detroit International and Koperfield may tax costs as the prevailing parties. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

-4-